THE STATE OF OHIO, APPELLEE, *v.* BLANKENSHIP, APPELLANT.

[Cite as State *v.* Blankenship (1988), 38 Ohio St. 3d 116.]

(No. 87-1746—Submitted June 8, 1988—Decided August 3, 1988.)

*Keith A. Shearer,* prosecuting attorney, and *Martin Frantz,* for appellee.

*J. Dean Carro,* for appellant.

DOUGLAS, J. While appellant raises other issues before this court, the conflict certified to us by the court of appeals involves only the question of whether the offenses of felonious assault and kidnapping are allied offenses of similar import under R.C. 2941.25. We decline to address appellant's other issues and find that under the facts of the case before us the offenses of felonious assault and kidnapping are *not* allied offenses of similar import and, accordingly, we affirm the judgment of the court of appeals.

R.C. 2941.25 provides:

"(A)  Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B)  Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

This court has set forth a two-tiered test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. *State* v. *Mughni* (1987), 33 Ohio St. 3d 65, 67, 514 N.E. 2d 870, 872; *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 153-154, 18 OBR 210, 211-212, 480 N.E. 2d 439, 441; *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 418, 6 OBR 463, 464, 453 N.E. 2d 593, 594; *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 128, 14 O.O. 3d 373, 374, 397 N.E. 2d 1345, 1348.

Accordingly, we first must compare the elements of the two offenses. In the case at bar, appellant was convicted of kidnapping, R.C. 2905.01(A),

and felonious assault, R.C. 2903.11. R.C. 2905.01 provides:

"(A) No person, by force, threat, or deception, * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

"* * *

"(2) To facilitate the commission of any felony or flight thereafter[.]"

R.C. 2903.11 provides:

"(A) No person shall knowingly:

"(1) Cause serious physical harm to another[.]"

Kidnapping requires proof that a defendant (1) knowingly, (2) by force, (3) restrained another of his liberty. To establish the offense of felonious assault there must be proof that a defendant (1) knowingly (2) caused serious physical harm to another.

Comparing the elements of the two crimes, we do not find that the elements correspond to such a degree that the commission of kidnapping necessarily results in the commission of felonious assault. A kidnapping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnapping. A person may seriously injure another without restraining the victim of his or her liberty.

Applying the foregoing to the facts before us, the kidnapping occurred when the guard was rendered unconscious and then bound with a rope. The felonious assault (the guard's being struck on the head) occurred after the kidnapping had taken place. Thus, the felonious assault cannot be said to be part of the kidnapping offense.

Therefore, on the specific facts of this case, we hold that the offenses of kidnapping, R.C. 2905.01(A)(2), and felonious assault, R.C. 2903.11(A)(1), are not allied offenses of similar import.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

WHITESIDE, J., concurs separately.

ALBA L. WHITESIDE, J., of the Tenth Appellate District, sitting for SWEENEY, J.

WHITESIDE, J., concurring. Although I concur in the affirmance of the judgment of the court of appeals, I cannot concur in the opinion because it fails to resolve the certified issue.

Defendant-appellant contends that the offenses of kidnapping and felonious assault constitute allied offenses of similar import and, as such, his conviction of both is precluded by R.C. 2941.25, which provides that:

"(A) Whether the same conduct can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Whether the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Although sometimes referred to as a two-part test, in reality, there is a three-part test in determining applicability of R.C. 2941.25 in a particular case. The three tests are: (1) whether the offenses are allied offenses of similar import, (2) whether they were committed by the same conduct, and (3) whether they were committed with the same animus.

In determining whether the two offenses are allied offenses of similar import, a comparison of the elements of the two offenses must be made. However, in making this comparison, it is not a comparison as to whether one offense cannot possibly be committed without committing the other, but rather whether the nature of the elements of the offenses is such that in some instances they may overlap, that is, that in certain instances, both crimes may be committed by the same conduct. It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses. See *State* v. *Mughni* (1987), 33 Ohio St. 3d 65, 514 N.E. 2d 870; *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416, 6 OBR 463, 453 N.E. 2d 593; *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 14 O.O. 3d 373, 397 N.E. 2d 1345; *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 18 OBR 210, 480 N.E. 2d 439; and *State* v. *Donald* (1979), 57 Ohio St. 2d 73, 11 O.O. 3d 242, 386 N.E. 2d 1341.

The second test, obviously, is based upon the conduct involved in a particular case, and the issue is whether in fact both offenses were committed by the same conduct. To constitute commission of both offenses, the conduct must be such as to constitute the commission of all of the elements of one offense and at least one of the elements of the other.

The third test is whether the two crimes were committed with the same animus. This means with the same purpose, intent, or motive since this is the meaning of the word "animus." Only when all three tests are satisfied does R.C. 2941.25 prevent a conviction of both offenses in a given case.

As noted in the opinion, in this case, the conduct constituting the felonious assault was not the conduct constituting the force or restraint element of the kidnapping since the guard had been rendered unconscious and bound with the rope prior to defendant's conduct constituting the felonious assault, namely, striking the guard on the head with the piece of body-building equipment.

Under these circumstances, the two offenses were committed separately and defendant could be convicted of both offenses under R.C. 2941.25 even though the two offenses may be allied offenses of similar import under different circumstances.

Accordingly, the court of appeals reached the correct result even though for the wrong reason and its judgment is properly affirmed.