OPINION
Defendant Mark Leighliter appeals a judgment of the Court of Common Pleas of Ashland County, Ohio, convicting and sentencing him for one count of rape in violation of R.C. 2907.02 and one count of felonious sexual penetration in violation of R.C. 2907.12, after appellant pled guilty. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE APPELLANT'S TRIAL COUNSEL WAS INEFFECTIVE IN HIS ASSISTANCE TO THE DEFENDANT AT THE SENTENCING PHASE IN THESE [SIC] PROCEEDINGS.
Appellant appears to argue trial counsel was ineffective in failing to object to appellant's being sentenced on two counts, because he claims they are "cumulative" and because the separate acts were committed with same animus.
R.C. 2941.25 provides where the same conduct by a defendant can be construed to constitute two or more allied offenses of similar import, the defendant may be indicted for all such offenses, but convicted of only one. On the other hand, where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the defendant may be both indicted and convicted of all such offenses. The conduct of which appellant was convicted, was digital penetration of a four-year old child's vagina some time between February 24 and 26 of 1995, and, some time between March 10, 1995 and March 12, 1995, performing cunnilingus on the same child.
In State v. Blankenship (1988), 38 Ohio St.3d 116, the Ohio Supreme Court devised a test for determining if two offenses are allied offenses of similar import. First, we must compare the elements of the two crimes. If the elements of the offenses correspond to such a degree that a commission of one crime results in the commission of the other, then the crimes are allied offenses of similar import, and the court must proceed to the second step. In the second step, we determine whether the defendant can be convicted of both offenses. If the court determines either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
The State argues the elements of the crime do not correspond in such a degree that the commission of one crime results in the commission of the other. Further, the State points out the time frames of the crimes make it clear the crimes were committed separately. We agree.
We conclude appellant was not improperly convicted for two allied offenses of similar import, in violation of R.C. 2941.25.
In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court devised a two-prong test requiring an appellant show both that counsel's representation falls below an objective standard of breach of an essential duty to his client, and also that counsel's substandard performance prejudiced the appellant's ability to receive a trial which was fair and reliable. The Ohio Supreme Court has adopted the two-prong test in State v. Bradley (1989), 42 Ohio St.3d 136. Failure to object to the conviction and sentencing for allied offenses of similar import constitutes a waiver, State v. Comen (1990),50 Ohio St.3d 206. Thus, had we found appellant had been convicted and sentenced for allied offenses of similar import, then counsel's failure to bring this error to the trial court's attention would have been prejudicial error. Because we find appellant was properly convicted and sentenced on the two separate crimes, we conclude appellant was not deprived of the effective assistance of counsel as guaranteed by the United States and Ohio Constitutions.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By: Gwin, P.J., Reader J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.