OPINION
Defendant-appellant, William R. Willis, appeals his conviction, rendered in the Clermont County Court of Common Pleas, for three counts of gross sexual imposition in violation of R.C. 2907.05(A)(1).[1] We affirm the decision of the trial court.
On September 30, 1998, appellant was indicted on three counts of gross sexual imposition and one count of kidnapping. On December 17, 1998, appellant voluntarily agreed to plead guilty to the three counts of gross sexual imposition and the count of kidnapping was dismissed. The prosecution gave the following account of the facts, all of which appellant conceded at the plea hearing:
 Your Honor, on September 23, 1998, at approximately 6:30 in the evening, at his apartment * * *, [appellant] had gotten his stepdaughter * * *, who was 14 years old, to come over to his apartment for the purpose ostensibly of bringing some mail. Once [the stepdaughter] arrived at the apartment, [appellant] then compelled her to submit, by force or threat of force, to fondling and kissing her breasts which is Count No. 1; fondling her vaginal area, which is Count No. 2; and making [the stepdaughter] fondle [appellant's] penis, which would be Count No. 3. At the conclusion of this activity, [the stepdaughter] left his apartment and [appellant] then fled the area.
On January 11, 1999, after a presentence report had been prepared, a sentencing hearing occurred. Appellant was given the maximum eighteen-month sentence for each of the three counts of gross sexual imposition. The sentences were ordered to be served consecutively. From this conviction, appellant filed a timely notice of appeal and presents two assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY FAILING TO CONDUCT A HEARING TO DETERMINE WHETHER THE THREE GROSS SEXUAL IMPOSITION CHARGES SHOULD BE MERGED INTO A SINGLE COUNT FOR PURPOSES OF SENTENCING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE IN FAILING TO SENTENCE HIM TO THE MINIMUM PRISON TERM AUTHORIZED FOR HIS OFFENSES, AND BY IMPOSING, INSTEAD, MAXIMUM CONSECUTIVE SENTENCES.
Appellant argues that the three counts of gross sexual imposition constitute allied offenses of similar import not committed separately or with a separate animus and, by merger, appellant should have been sentenced for one count only. We disagree.
R.C. 2941.25 states that:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more allied offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
A two-part test is required in order to determine if multiple crimes for which a defendant is charged are allied offenses of similar import that require one sentence. In the first step, the crimes are compared. "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step.State v. Nicholas (1993), 66 Ohio St.3d 431, 434, quoting State v.Blankenship (1988), 38 Ohio St.3d 116, 117. "In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Id.
 "Sexual contact" means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
R.C. 2907.01(B). In this case, appellant committed three separate acts of "sexual contact." The fact that these crimes were committed within a short period of time is not conclusive. We recognize that this case, or similar ones we may encounter in the future necessarily involves a fact specific analysis. Nevertheless, in this case, appellant committed three separate and distinct acts of sexual contact. Merger was not required at sentencing.[2] Thus, the first assignment of error is overruled.
In the second assignment of error, appellant argues that the trial court erred by imposing the maximum sentence of eighteen months for each count of gross sexual imposition. The sentences were ordered to be served consecutively. Pursuant to R.C.2953.08(G)(1)(a) and (d), "this court cannot reduce, modify or vacate appellant's sentence unless we find the trial court's decision is unsupported by the record and/or contrary to law."State v. Parker (Jan. 19, 1999), Warren App. No. CA98-04-025, unreported, at 1.
The presentence report as well the sentencing hearing shows that the injury to the victim was worsened due to her youth and she suffered serious psychological harm. R.C. 2929.12(B)(1) and (2). Appellant used his relationship with his stepdaughter to facilitate this offense. R.C. 2929.12(B)(6). Nothing in the record indicates this crime is "less serious than conduct normally constituting the offense" of gross sexual imposition. See R.C.2929.12(C).
The recidivism sentencing factors support the sentence. Appellant committed this offense while under community control sanctions. R.C. 2929.12(D)(1). Appellant has previous criminal convictions for spousal abuse and sexual battery, which involved the same victim as this case. R.C. 2929.12(D)(2). Appellant has shown no genuine remorse, denying most of his actions. R.C.2929.12(D)(5). Following his previous conviction for sexual battery, appellant underwent sexual offender counseling. However, appellant demonstrated a "lack of insight" and "lack of empathy for his victim." As noted, the same victim was abused by appellant in this case and his prior sexual battery conviction. R.C. 2929.12(D)(3). None of the sentencing factors which would indicate appellant is unlikely to commit future crimes apply to appellant. See R.C. 2929.12(E)(3).
Pursuant to R.C. 2929.14(B), the minimum sentence is presumed because appellant has not previously served a prison sentence.Id. However, the trial court can impose a greater sentence if "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B); Id. The trial court made such a finding on the record. The maximum sentence for a felony may only be imposed "upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes * * *." Based on our standard of review, we find that this record, particularly the recidivism factors as well as the exploitation of a familial relationship with a child, justify the trial court's conclusion that the maximum sentence was warranted.
In order to impose consecutive sentences, the trial court must find that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." R.C. 2929.14(E)(3). We find that the record supports the trial court in this regard. In addition, the trial court must find that one of three additional factors apply. See R.C. 2929.14(E)(3)(a)-(c). In this case, all of them apply. The trial court was entitled to conclude that appellant was under post-release control; a single prison term does not adequately reflect the seriousness of the crime; and appellant's criminal history shows consecutive sentences are necessary to protect the public. See id.
The sentence of the trial court was within its broad discretion and the statutory sentencing factors were properly applied. The second assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] R.C. 2907.05(A)(1) states that "[n]o person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force."
[2] We find our reasoning consistent with the dissent inState v. Nichols (Mar. 21, 1994), Madison App. No. CA95-05-013
(Walsh, J., dissenting). To the extent our decision today is in conflict, Nichols is hereby overruled.