DECISION
On June 10, 1998, defendant-appellee David H. Gillis entered pleas of no contest and was found guilty of two charges of sexual imposition in violation of R.C. 2907.06, and one charge of improper maintenance of controlled-substances records in violation of R.C. 3719.07. Gillis was sentenced to serve sixty days in jail on each of the sexual-imposition charges, with the terms to run consecutively. The trial court suspended the jail sentence on each sexual-imposition charge and placed Gillis on three years' probation. Gillis appealed the convictions. On May 26, 1999, this court affirmed the judgment of the court below.
On September 8, 1999, the trial court heard argument on Gillis's motion for reconsideration of the sentences on the sexual-imposition charges. Gillis argued that this court's decision in State v. Bybee (June 25, 1999), Hamilton App. No. C-980850, unreported, allowed the trial court to sentence him on only one of the two charges because the offenses "were part of the same continuing pattern and did not rely on a distinct separate animus for each alleged victim." The trial court granted the motion and set aside the sentence on one of the two sexual imposition charges. The state appeals.
In Bybee, the defendant was found guilty and sentenced on each of six charges of cruelty to animals. The charges stemmed from the deplorable condition of dogs found in a filthy kennel operated by the defendant. We held that, because the offenses were part of the same continuing pattern of neglect and did not rely on a distinct abusive act for each dog, the six convictions involved allied offenses of similar import. Thus, while the trial court could find the defendant guilty of the six offenses, it could only sentence her on one.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
A two-step inquiry determines whether offenses are allied and of similar import: (1) do the elements of the offenses correspond to such a degree that commission of one results in commission of the other; and (2) were the offenses part of the same conduct, or was there a separate animus for each crime? See State v. Blankenship
(1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816, 817. The state concedes that Gillis has met the first part of the test in that both offenses in this case involved sexual imposition, in violation of R.C. 2907.06.
In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. Id.
Gillis argues that he has met the second part of the test because "the same intent, motive, and reason [were] behind his actions." So, Gillis argues, "there was a single animus for each offense." We reject that argument. Under Gillis's theory, a serial killer found guilty of killing eight different people could only be sentenced for one of the murders so long as the same motive drove him to commit each one. It is well settled that even where a defendant commits the same offense against different victims during the same court of conduct, a separate animus may exist for each victim such that the defendant can properly be convicted of and sentenced on multiple counts. State v. Raheem (Sept. 18, 1998), Hamilton App. No. C-970928, unreported, citing State v.Gregory (1993), 90 Ohio App.3d 124, 129, 628 N.E.2d 86, 89, jurisdictional motion overruled (1993), 68 Ohio St.3d 1421,624 N.E.2d 195.
Our examination of the record reveals that the two acts of sexual imposition were clearly committed separately and with a separate animus. Unlike the facts in Bybee, Gillis's acts were in no way part of the same continuing pattern of conduct. The acts in this case were committed on two different dates, against two different victims.
Therefore, the judgment of the trial court is reversed, and the cause is remanded to the trial court for reinstatement of the original sentence.
 ______________________________ WINKLER, Judge.
 GORMAN, P.J., and SUNDERMANN, J., concur.