OPINION
Frederick Dancy appeals from his conviction in Dayton Municipal Court of domestic violence in violation of R.C. 2919.25(A) and assault in violation of R.C.G.O. 135.03 after a bench trial. In a single assignment of error, Dancy contends his conviction is against the manifest weight of the evidence.
On August 16, 1999 Dayton Police Officer Lisa Savage was dispatched upon a complaint of domestic violence to 4020 Midway Avenue in the City of Dayton. Officer Savage testified that when she arrived at the residence, Frederick Dancy was sitting outside across the street on the curb. Savage testified that Dancy was very calm and requested that he be taken from the scene. Savage said Dancy told her he had been jumped on by his wife, daughter, and son. Savage said Dancy had a busted lip.
Savage testified she interviewed Dancy's wife Teresa, who told her that Dancy had pushed and struck her and based on that statement she arrested Dancy for domestic violence.
Teresa Dancy testified she got into a heated argument with her husband over vacuuming without a bag in a vacuum cleaner. Teresa testified that the defendant suddenly "snapped", grabbed the vacuum cleaner and began swinging the cleaner. Teresa said her son, Michael Elmore, took the cleaner away from her husband, who then proceeded to slam her against the living room wall. Teresa testified that she felt pain in her back and head as a result of her husband's actions. Teresa testified her son and daughter, Chittan Jackson, helped free her from her husband's hold.
Chittan testified that she heard yelling and saw Dancy swinging the vacuum cleaner. Chittan saw Dancy push Teresa, with his arm, shoving her against the wall, which caused the pictures on the wall to fall. Chittan stated that she and Michael grabbed Dancy to get him off their mother. Chittan also stated that Dancy was "rearing back" to hit her mom, when she and Michael grabbed the appellant. Chittan stated that her mother pushed the defendant in an attempt to get him off of her and as a result, the appellant's lip was busted.
Dancy testified that he and his wife had an argument about "everything." He testified he began to fix the vacuum, when Teresa said she was going to fix it. Dancy stated he took the vacuum cleaner and began to rock it with his foot when Teresa asked for the vacuum and called for her son Michael to help her get the vacuum cleaner away from him. Dancy testified that Teresa, Michael and Chittan then surrounded him and Chittan hit him in the back and Teresa "sucker" punched him in the mouth. Dancy stated that his upper lip was cut from the punch in the mouth.
At the conclusion of the trial the trial court found Dancy guilty of both offenses charged. Both offenses are misdemeanors of the first degree and both involve the same victim, the defendant's wife. Dancy was sentenced to 180 days in the County Jail on the domestic violence charge, with 90 days suspended and 31 days of jail credit for pre-trial confinement. Dancy was placed on unsupervised probation for a two year period. Dancy received a similar sentence on the ordinance assault conviction.
The Ohio Supreme Court in recent years clarified the test for determining whether a trial court's judgment is against the "manifest weight" of the evidence. State v. Thompkins (1997), 78 Ohio St.3d 380,387. The Court in Thompkins adopted the test enunciated by the Court of Appeals for Hamilton County in State v. Martin (1983), 20 Ohio App.3d 172, wherein that court stated:
 In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
20 Ohio App.3d at 175.
In this case, the trial judge had to resolve the conflicts between the testimony of the defendant and that of his wife and her daughter. The trial judge was in the best position to assess their testimony and its credibility. We are not persuaded by the appellant that the trial court lost its way and created a manifest miscarriage of justice. The assignment of error is overruled.
The domestic violence and assault convictions result from "allied offenses of a similar import." The commission of domestic violence will also result in the commission of assault. The offenses charged herein were not committed separately or with a different animus. State v. Blankenship (1988), 38 Ohio St.3d 116 . Accordingly, the defendant's conviction for assault under R.C.G.O. 135.03 is hereby vacated.
The judgment of the trial court is Reversed in part and Affirmed in part and as modified is Affirmed.
BROGAN, J., GRADY, J., and YOUNG, J., concur.