JOURNAL ENTRY AND OPINION
Defendant-appellant Jose Colon appeals the sentence imposed by the trial court following his plea bargain and guilty plea.
Appellant was initially charged with rape with a sexually violent predator specification; rape with attempted murder; kidnaping with sexually violent predator and sexual motivation specifications; and felonious assault. He first pleaded not guilty, but on the day of trial reached a plea agreement with the prosecutors in which he pleaded guilty to attempted kidnaping with the sexual allegations deleted and to felonious assault.
Appellant admitted to kidnaping the victim when he lured her away from a bar with a promise of a ride home. Instead, he forced her into an empty convent building where he was staying and tied her up with electrical cords and a shoelace around her head. He allegedly sexually assaulted her, then choked her and hit her. He admitted to physically assaulting her. He left her naked and tied up. She was able to free herself, escape through a window which she broke, and run down the street naked until she found help.
The trial court sentenced appellant to the maximum sentence for kidnaping, eight years, and to four years for felonious assault with the sentences to be served consecutively. Appellant had no prior convictions on his record. At the sentencing hearing, after the court pronounced the sentence, defense counsel established for the record that he believed the offenses should have been merged under R.C. 2941.25. The trial court disagreed, stating that they were not allied offenses. The court did not, however, hold a hearing on this question.
Appellant's first assignment of error states
 I. THE TRIAL COURT ERRED WHEN IT FAILED TO CONDUCT A HEARING TO DETERMINE WHETHER CONVICTING MR. COLON FOR BOTH ATTEMPTED KIDNAPPING AND FELONIOUS ASSAULT WOULD BE IN VIOLATION OF R.C. 2941.25 (ALLIED OFFENSES) AND A DENIAL OF MR. COLON'S RIGHTS TO PROTECTION FROM DOUBLE JEOPARDY GUARANTEED BY ART. I, SECT. 10 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
Appellant contends that attempted kidnaping and assault are allied offenses and should have been merged. He also states that the court erred by failing to hold a hearing on the issue of whether the offenses were allied or not.
R.C. 2941.25 states
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain both counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
Contrary to appellant's assertion, the trial court is not required to hold a hearing on this issue. However, this court has held that the better practice would be for the court to conduct the allied offense hearing when a defendant has pled guilty to multiple offenses of similar import. State v. Kent (1980), 68 Ohio App.2d 151 . 157.
To determine whether the offenses are allied,
 [t]he first step requires a comparison of the elements [of the offenses] with which the defendant is charged, for the purpose of discovering whether the elements of both offenses correspond to such a degree that the commission of one offense will result in the commission of the other. If so, they are allied offenses of similar import. If the court so finds, it must proceed to the second step, which involves a review of the defendant's conduct to determine whether the offenses were committed separately or with a separate animus as to each. If so, the defendant may be convicted of both.
State v. Benasutti (July 19, 1996), Clark App. No. 95 CA 109, unreported, 1996 Ohio App. LEXIS 3091, at *12-13.
 In establishing whether kidnaping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court [the Supreme Court of Ohio] adopts the following guidelines: (a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 (b) Where the aspiration or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions.
State v. Logan (1979), 60 Ohio St.2d 126, syllabus. The Court added that [s]ecret confinement, such as in an abandoned building or nontrafficked area, without a showing of substantial asportation, may, in a given instance, also signify a separate animus and support a conviction for kidnaping apart from the commission of an underlying offense. Id. at 135.
The crimes in the case at bar are attempted kidnaping and felonious assault. [A]n `attempt' pursuant to R.C. 2923.02 incorporates the elements of the underlying offense * * *. State v. Benasutti (July 19, 1996), Clark App. No. 95 CA 109, unreported, 1996 Ohio App. LEXIS 3091, at *12. The statute defining kidnaping, R.C. 2905.01, states, in pertinent part,
 No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 * * * To facilitate the commission of any felony or flight thereafter; to terrorize, or inflict serious physical harm on the victim * * *.
The statute defining felonious assault states, in pertinent part, No person shall knowingly * * * [c]ause serious physical harm to another * * *. R.C. 2903.11(A)(1).
The Logan analysis is most applicable to the facts of this case. First, the crime involved initially the element of deception the promise of a ride home, a promise used to lure the victim into his car. This element is not found in felonious assault. Then the victim was tied up with electrical cords and left in an abandoned building. Her confinement clearly exceeded the time frame of the assault. Her bonds, moreover, facilitated his flight after the crime of assault. The kidnaping at the beginning and end of this sequence of events can be viewed separate from the violent sexual assault at the center.
The crimes as committed in the case at bar, therefore, are not allied and do not merge. The Supreme Court of Ohio, moreover, has already held that the offenses of felonious assault and kidnaping are not allied offenses of similar import * * *. State v. Blankenship(1988),38 Ohio St.3d 116, 117. The court explained as follows: A kidnaping may occur without a felonious assault. Likewise, a felonious assault may occur absent the existence of a kidnaping. A person may injure another without restraining the victim of his or her liberty. Id. at 118.
 In the case at bar the trial court explained, [t]his Court does not feel they are allied offenses.
 They are separate and distinct offenses. One was tying her up, which was the kidnaping, and then beating her up, beating her later, which was the felonious assault. They are not allied offenses.
Tr. at 15.
We agree. The first assignment of error is overruled.
For his second assignment of error, appellant states,
 II. THE TRIAL COURT ERRED BY ORDERING CONSECUTIVE SENTENCES WHEN IT FAILED TO MAKE ALL OF THE NECESSARY FINDINGS REQUIRED BY R.C. 2929.14(E)(4), AND FAILED TO GIVE ANY REASONS FOR THE FINDINGS IT DID MAKE.
The entirety of the court's sentencing statement at the hearing consisted of the following;
 The Court finds for sentencing purposes that the defendant has committed one of the worst forms of the offense; that consecutive sentences are necessary to protect the public and punish the offender; that consecutive sentences are not disproportionate to the seriousness of the conduct, the defendant's conduct.
 Great harm was done to the victim in this case, and it reflects the seriousness of the defendant's conduct.
 Therefore, on count six, the defendant is sentenced to eight years at LCI; on count seven, four years at LCI.
Those sentences are to run consecutive. [sic]
The felony sentencing statutes require the trial court to make certain findings when it imposes a sentence outside the standard parameters set by the statute. R.C. 2929.14(E)(4) requires certain findings for imposing consecutive sentences. These findings are not all that is required by statute, however. The court also is required at the sentencing hearing to state its reasons for imposing consecutive sentences under R.C.2929.19(B)(2)(c).
In part, R.C. 2929.14(E)(4) states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive terms are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:* * *
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as a part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2) further states, in pertinent part:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances: * * * If it imposes consecutive sentences under section 2929.14 of the Revised Code, its reasons for imposing the consecutive sentences.
Emphasis added. As we stated in State v. Beranek (Dec. 14, 2000), Cuyahoga App. No. 76260, unreported,
 While findings essentially set forth a judge's conclusions based on his or her consideration of the facts of a case and relevant statutory factors, a statement of reasons requires a judge to set forth the facts and circumstances considered and the importance attached to them, and the processes by which those facts and circumstances led to the conclusions reached.
Id. at *10.[1] See also State v. Payton (Dec. 14, 2000), Cuyahoga App. No. 76967, unreported. Thus even if the court fulfills its requirement of making its R.C. 2929.14 findings, it still must state its reasons for imposing consecutive sentences.
In the case at bar, the court twice stated findings to support imposing consecutive sentences:
 The Court finds for sentencing purposes that the defendant has committed one of the worst forms of the offense; that consecutive sentences are necessary to protect the public and punish the offender; that consecutive sentences are not disproportionate to the seriousness of the conduct, the defendant's conduct. Great harm was done to the victim in this case, and it reflects the seriousness of the defendant's conduct.
 Therefore, on count six, the defendant is sentenced to eight years at LCI; on count seven, four years at LCI.
Those sentences are to run consecutive. [sic]
Tr. at 14.
Defendant argues, however, that the court erred in that no finding was made that consecutive sentences would not be disproportionate to the danger posed to the public. We agree. We understand that many of these required findings are quite close in meaning and some complicated footwork is necessary to dance to their separate rhythms. Nevertheless, we are constrained to follow what the statute prescribes. If the statute uses and in listing the required reasons and findings, we must assume that each requirement is different. In other words, disproportionate to the seriousness of the offender's conduct must be viewed as different from harm that is great and unusual as well as different from disproportionate * * * to the danger the offender poses to the public. In the case at bar, the court failed to state a finding that consecutive sentences would not be disproportionate to the danger defendant poses to the public. Moreover, the court also failed to give its reasons for this and other findings.
Defendant also alleges that the court failed to make an additional finding required under R.C. 2929.14(E)(4)(a)-(c). We disagree. The court did meet this requirement of making one of the alternative findings, (that is, b), when it stated, [g]reat harm was done to the victim in this case, and it [a consecutive sentence] reflects the seriousness of defendant's conduct. Tr. at 14.
We agree that not all the necessary findings were made and that greater explanation of the basis of the court's findings is necessary. We, therefore, vacate and remand for resentencing.
For his third assignment of error, appellant states
 III. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM SENTENCE ON THE CHARGE OF ATTEMPTED KIDNAPING WHEN IT DID NOT GIVE ANY REASONS JUSTIFYING ITS FINDINGS THAT THE ATTEMPTED KIDNAPING COMMITTED BY MR. COLON WAS ONE OF THE WORST FORMS OF THAT OFFENSE.
The criteria for giving the maximum sentence for attempted kidnaping, R.C. 2923.02(E), a felony of the second degree, is specified in R.C.2929.14(C):
 * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
Emphasis added.
The question presented, therefore, is whether the court adequately specified on the record one of the mandated findings for imposing the maximum sentence and gave its reasons. The court made a general comment about one of the worst forms of the offense just before it explained its basis for giving consecutive sentences.[2] The court did not, however, specify any findings as the basis for imposing the maximum sentence. Even if we interpret the court's general comment at the beginning[3] as a finding for a maximum sentence, the court never specified any reasons for this particular finding. The specificity of the statute requires strict compliance with the law on the part of the trial court.
This case is therefore remanded for appropriate documentation on the record of the required findings and reasons for imposing the consecutive sentences and the maximum on this first-time offender.
This cause is reversed and remanded.
It is, therefore, ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, J., CONCURS; KENNETH A. ROCCO, J., CONCURS AND DISSENTS (See Concurring and Dissenting Opinion).
 _____________________________________ DIANE KARPINSKI, ADMINISTRATIVE JUDGE
[1] For a discussion of when findings are required and what constitutes a finding, see Katz and Griffin, Ohio Felony Sentencing Law.
[2] See Tr. p. 14 and supra at 7.
[3] When discussing consecutive sentencing, the court stated,
 The Court finds for sentencing purposes that the defendant has committed one of the worst forms of the offense. If the court was also giving this finding to explain the maximum sentence, the court never specified its reasons.