OPINION
Defendant-appellant Jason Hendrickson ("Hendrickson") brings this appeal from the judgment of the Court of Common Pleas of Union County.
On May 21, 2001, Hendrickson was indicted on one count of complicity to theft and one count of receiving stolen property. A scheduling conference was set for July 17, 2001. At the hearing, the Prosecutor, Hendrickson, and the trial court worked out a plea agreement. The trial court and counsel determined that the two offenses would merge for the purpose of sentencing making the maximum possible sentence eighteen months. The following dialogue occurred at the hearing.
 Mr. Probst: For the record then, your Honor, we have an alternative recommendation. Between now and sentencing, obviously, the State and defense counsel will come up with exactly, if there is indeed any restitution owed in the matter, in between now and sentencing, if it's determined that there is, then he would receive, as agreed, the 18-month prison sentence, the State would not oppose judicial release after 12 months, and pay the fines and restitution stated earlier $250 per each count. If there is no restitution, at that time the defendant would receive a 12-month prison sentence and the fine imposed for each count. That appears to be agreeable.
 The Court: All right. And so that I understand absolutely then, there's no contemplation that after the 12 months of prison, there will be no community control at all, it will be strictly what happens with the post-sentence.
 Mr. Probst: That's correct.
 The Court: All right. You agree?
 Mr. Holtschulte: Yes. Yes, your Honor.
 The Court: All right. Fine. Not a problem. May I discuss this with Mr. Hendrickson?
 Mr. Holtschulte: Yes, your Honor.
 The Court: All right. Be seated. Mr. Hendrickson, do you understand then that you would be voluntarily withdrawing your former plea of not guilty, and entering a plea of guilty to the offenses of complicity to theft, in violation of [R.C. 2923.03], a felony of the fourth degree, and receiving stolen property, in violation of [R.C. 2913.51], a felony of the fifth degree. Do you understand that?
 The Defendant: Yes, your honor.
 The Court: And you understand that these are agreed to be offenses of similar import, and that the most that you could get out of an election by the prosecuting attorney would be a fourth-degree felony sentence, which would be up to 18 months in a state penal institution, a maximum fine of $2,500, and without any mandatory prison time, and that court costs, restitution, and other financial sanctions may be imposed? Do you understand that?
 The Defendant: Yes, your Honor.
Sentencing Transcript, 11-13. After the trial court explained the rights Hendrickson was waiving, Hendrickson entered a plea of guilty which was accepted by the trial court. The matter was then set for sentencing at a later date to permit calculation of the amount of restitution, if any, to be ordered.
On August 31, 2001, the sentencing hearing was held. Hendrickson was late to the hearing and had been in additional trouble with the law since he pled guilty to the original charges. As a result, the trial court declared the plea agreement null and void and sentenced Hendrickson to 17 months for the complicity charge and 11 months for the receiving stolen goods charges. The trial court then ordered that the sentences be served consecutively for a total of 28 months in prison. At that time, Hendrickson requested to merge the sentence and the trial court refused. Hendrickson then moved to withdraw his plea based on the difference in sentence. The trial court denied the motion. It is from this judgment that Hendrickson appeals.
Hendrickson raises the following assignments of error.
 Hendrickson's guilty plea was not knowingly and voluntarily entered into since it was conditioned on false promises made by the State and the trial court.
 The trial court erred when it failed to merge the offenses for sentencing.
Hendrickson asks that this court order the trial court to abide by the plea agreement or, in the alternative, permit the withdrawal of the guilty plea and remand the matter to the trial court with instructions on the issue of merger.
In the first assignment of error, Hendrickson claims that his plea was not knowingly and voluntarily made because he was given a sentence longer than was agreed to at the hearing. We note that the record clearly shows that the trial court participated in the plea negotiation and agreed to order a maximum sentence of eighteen months. The trial court used this agreement when he informed Hendrickson that the maximum possible sentence was eighteen months. Crim.R. 11 provides that before a guilty plea may be accepted by the trial court, the trial court must notify the defendant of the maximum penalty involved. Crim.R. 11(C)(1).
Here, the trial court informed Hendrickson that he was charged with crimes of similar import, so the maximum sentence that he could receive would be 18 months. The trial court then went through a long dialogue with Hendrickson concerning the effect of a guilty plea and the rights he was waiving. At the end of the dialogue, Hendrickson entered a plea of guilty and the trial court accepted it. The face of the record does not indicate that the plea was involuntarily or unknowingly made in any way.
However, at the sentencing, the trial court was displeased because Hendrickson was late to the sentencing hearing and had gotten into trouble twice more since he had entered his guilty plea. The trial court then claimed that the plea agreement was null and void and, denying the motion to merge the sentences, sentenced Hendrickson to serve consecutive sentences. Hendrickson asked to withdraw his plea on the ground that he would not have pled guilty if he had known he would get a sentence of 28 months in prison. The trial court denied the motion to withdraw the plea because sentence had already been imposed and because the sentence imposed did not amount to manifest injustice. We note that the trial court informed Hendrickson at the time of the plea that the offenses charged were of similar import requiring merger and thus the maximum sentence possible would be 18 months. This was the understanding of Hendrickson elicited by the trial court at the time Hendrickson entered the guilty plea.
A review of the sentencing hearing indicates that the trial court considered factors that were inappropriate. The trial court decided that future criminal charges were a violation of the plea agreement. However, these violations were made while Hendrickson awaited sentencing. At the time of sentencing, Hendrickson was presumed innocent of any other charges because no finding of guilt had been made. Any offenses occurring between the entering of the guilty plea and sentencing must be dealt with after a finding of guilt and at a separate sentencing upon that finding. They are not appropriate consideration at this sentencing hearing and are not a basis for declaring the plea null and void.[1]
While the entry of the guilty plea was knowingly and voluntarily made at the time it was made upon the express conditions stated by the trial court, the imposition of a sentence greater than the maximum stated at the time of the plea does not support a conclusion that the defendant voluntarily entered a plea knowing the full potential consequences of his action. Crim.R. 11(C)(1). The record reveals that Hendrickson was told that the offenses would merge and that the maximum sentence he could possibly receive was 18 months. Thus, the trial court erred in not granting Hendrickson's alternative motion to withdraw his plea after imposition of sentence given the facts before the trial court. The first assignment of error is sustained.
In the second assignment of error, Hendrickson claims that the sentences should have merged. When determining whether offenses are of similar import, and thus only subject to conviction and sentence for one offense, a two step analysis is applied.
 In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.
State v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816,817. At the sentencing hearing, the trial court refused to merge the sentences and the following dialogue occurred.
 Mr. Holtschulte: Your Honor, we move the Court that for merged — everything is — that everything is merged complicity to theft.
 Mrs. Boggs: Your Honor, the State would oppose that.
 Mr. Holtschulte: How can the State oppose? They already agreed to it in open court, to the merger, that they conferred [sic] at the Scheduling Conference that these two crimes did merge.
 The Court: I don't know. We'll find out. I'm going to overrule at this point. It's after sentencing and certainly, I didn't entertain it before.
 Mr. Holtschulte: Well, your Honor, we did merge at the Scheduling Conference when they agreed with that.
 The Court: If you discussed it, it's on the record and not a problem. You can appeal.
Sentencing tr. 12.
In this case, the offenses charged were complicity to theft and receiving stolen goods. The State claimed that Hendrickson aided his girlfriend in obtaining items from a rental store and then sold those items. It is not clear from the record what exactly his complicity was. Until Hendrickson's girlfriend failed to pay the rental fees and Hendrickson sold the items to a third party, no theft had occurred. The State conceded that the two offenses were of similar import and would merge at sentencing for a maximum sentence of 18 months. Conference tr., 6. The trial court then told Hendrickson that the offenses were of similar import making the maximum sentence 18 months. Id. at 13. There is no evidence on the record to indicate that this finding would not be supported. Thus, we must presume the propriety of the conclusion reached at the hearing and that the facts, if on the record, would indicate that the offenses charged were of similar import and would be merged for sentencing. Thus, under R.C. 2941.25, Hendrickson could only be sentenced for one offense, with a maximum sentence of 18 months. The second assignment of error is sustained.
The plea agreement was set forth on the record at the scheduling conference.[2] This court finds that the trial court had no basis for voiding this plea agreement. The trial court had already approved the agreement and the plea was fully based upon it. We also find that the trial court had already determined that the offenses would merge for the purposes of sentencing. Thus, the judgment of the Court of Common Pleas of Union County is reversed.
Upon appeal, the appellate court may modify a sentence imposed by the trial court. R.C. 2953.08(G)(2). We order that the sentence imposed by the trial court be vacated and the cause is remanded to the Common Pleas Court of Union County for entry of judgment in accord with the plea agreement placed on the record at the scheduling conference and for execution.
Judgment vacated and cause remanded.
SHAW, P.J., and WALTERS, J., concur.
[1] We also note that if the plea agreement on which Hendrickson's guilty plea is based is declared null and void, then the plea entered must also be null and void, thus making the sentencing inappropriate at that time.
[2] The agreement is quoted in whole at the beginning of this opinion.