OPINION
Bringing forth two assignments of error, defendant-appellant Terrance D. Blair appeals the trial court's imposition of two nine-month prison terms, ordered to be served consecutively, following his convictions for receiving stolen property in violation of R.C. 2913.51(A) and for complicity to commit forgery in violation of R.C. 2913.31(A)(1) and 2923.03. For the following reasons, we affirm the judgment of the trial court.
In his first assignment of error, Blair contends that the trial court erred by not merging his sentences because the two offenses of which he was convicted, complicity to commit forgery and receiving stolen property, are allied offenses of similar import within the meaning of R.C. 2941.25, Ohio's multiple-count statute. In his second assignment of error, Blair maintains that the prohibition against double jeopardy forbids the imposition of consecutive sentences. Because these assignments raise similar issues, we address them together.
Two distinct statutory offenses constitute allied offenses of similar import if the elements of the respective offenses, compared in the abstract, correspond to such a degree that the commission of one offense will result in the commission of the other offense.[1] If the offenses are not allied and of similar import, the analysis ends there, and the defendant may be charged with, found guilty of, and sentenced for both offenses. If, however, the offenses are allied offenses of similar import, the court must undertake the second step in the analysis, set forth under R.C. 2941.25(B), and determine whether the offenses were committed separately or with a separate animus as to each.[2] The constitutional guarantees against double jeopardy protect against multiple punishments for the same offense.[3] Thus, a trial court may impose cumulative punishment on a defendant convicted of multiple offenses of dissimilar import.[4]
Receiving stolen property and complicity to commit forgery are not allied offenses of similar import. Comparing the elements of each offense in the abstract, we see that the offense of receiving stolen property requires proof that the accused had received, had retained or had disposed of stolen property "knowing or having reasonable cause to believe that the property [had] been obtained through commission of a theft offense" whereas complicity to commit forgery requires proof that the accused had knowingly aided, abetted or solicited another to knowingly forge another's signature without that person's authority.[5]
As one can knowingly receive stolen property without committing the offense of forgery, then these two offenses are not of similar import and, thus, separate and cumulative punishment is allowed. Accordingly, the trial court's imposition of consecutive sentences here did not violate R.C. 2941.25 or double jeopardy principles.
Blair argues that when the offense of receiving stolen property is achieved by stealing a credit card and convincing a co-defendant to forge the cardholder's signature, then receiving stolen property and complicity to commit forgery are allied offenses, because the forgery offense is necessary to complete the receiving stolen property offense. Blair's argument is rendered moot, however, by the holding in State v. Rance, which requires courts, in determining whether two crimes are allied offenses, to look at the elements of each offense in the abstract; not with reference to the specific allegations in each case.[6]
As the trial court was not precluded from ordering that the sentences imposed for each conviction be served consecutively, both assignments of error are overruled and the judgment of the Montgomery County Court of Common Pleas is affirmed.
Further, it is ordered that the state's motion to strike Exhibit A to Blair's appellate brief is rendered moot by our resolution of the first and second assignments of error.
BROGAN and FAIN, JJ., concur.
(Hon. Lee H. Hildebrandt, Jr., of the Court of Appeals, First Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.)
[1] See State v. Rance (1999), 85 Ohio St.3d 632, 638, 710 N.E.2d 699,705.
[2] See Rance, supra at 638-639, 710 N.E.2d at 705.
[3] See North Carolina v. Pearce (1969), 395 U.S. 711,89 S.Ct. 2072.
[4] R.C. 2941.25(B); See State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526 N.E.2d 816, 817.
[5] See R.C. 2913.51, 2913.31(A)(1) and 2923.03.
[6] See Rance, supra at 636, 710 N.E.2d at 703.