OPINION
{¶ 1} On October 4, 2002, the Stark County Grand Jury indicted appellant, Sherman Campbell, on one count of possession of cocaine in violation of R.C. 2925.11 and one count of having a weapon while under disability in violation of R.C. 2923.13. Said charges arose from items recovered during an inventory search of appellant's vehicle pursuant to a traffic stop.
 {¶ 2} A jury trial commenced on December 16, 2002. The jury found appellant guilty as charged. By judgment entry filed December 27, 2002, the trial court sentenced appellant to ten months on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN ORDERING THAT ALL COUNTS BE SERVED CONSECUTIVELY WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE STATUTORY CRITERIA OR MAKE THE REQUISITE FINDINGS."
 I {¶ 5} Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, appellant claims the facts do not support the consecutive nature of the sentences, and possession of cocaine and having a weapon while under disability constitute a continuous, single course of conduct with a single animus. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant was found guilty of possession of cocaine and having a weapon while under disability, both felonies of the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed December 27, 2002, the trial court sentenced appellant to ten months on each count, to be served consecutively.
 {¶ 12} R.C. 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} Pursuant to R.C. 2929.19(B)(2)(c), the court "shall make a finding that gives its reasons for selecting the sentence imposed***[i]f it imposes consecutive sentences under section 2929.14 of the Revised Code***." "The trial court's findings and reasonings need not be specified in the sentencing entry so long as they are discernible from the record as a whole." State v. Belfon (July 13, 2000), Franklin App. Nos. 99AP-663 and 99AP-665, citing State v. Hess (May 13, 1999), Franklin App. No. 98AP-983.
 {¶ 18} In sentencing appellant to consecutive sentences, the trial court "considered the record, oral statements, any victim impact statement and pre-sentence report prepared, as well as the principles and purposes of sentencing." Judgment Entry filed December 27, 2002. The trial court relied heavily on appellant's past criminal record and incarceration:
 {¶ 19} "***the Court does not find that the Defendant is amenable to community control.
 {¶ 20} "The record of Mr. Campbell is quite extensive in regard to this. The jury was made only aware of one of Mr. Campbell's prior convictions.
 {¶ 21} "However, as we all agree, there are several; and unfortunately they span a period of time, and there are prior possession charges.
 {¶ 22} "***
 {¶ 23} "The Court does find that the shortest prison term will demean the seriousness of the offender's conduct in regard to both of these counts and that the shortest prison term will not adequately protect the public from future crimes by you, sir.
 {¶ 24} "This is on the basis of the fact that you do have prior convictions and you have also been to prison before.
 {¶ 25} "You have been found guilty of two counts; and again because of the prior convictions which you have and at least two of them being for prior possession of cocaine, the Court does find that consecutive sentences are necessary to protect the public from future crime and to punish you.
 {¶ 26} "Also, the Court does find that consecutive sentences are not disproportionate to the seriousness of the conduct, again because there is a prior conviction and because in regard to the possession of weapon while under disability that the danger which you pose to the public is considerable and also the possibility of harm that could be caused, the Court finds that the multiple offenses were so great and that not to impose the serving of these consecutively would not adequately reflect the seriousness of your conduct." T. at 7-9.
 {¶ 27} Although we do not have a copy of any pre-sentence investigation report, the file does contain appellant's criminal record. See, State's Response to Request for Discovery filed October 15, 2002. On November 20, 2000, appellant was sentenced for the offenses of breaking and entering, use or possession of drug paraphernalia and possession of cocaine. On February 25, 1998, appellant was sentenced for possession of cocaine. On September 18, 1992, appellant was sentenced for trafficking in counterfeit controlled substances and on December 11, 1989, appellant was sentenced for aggravated trafficking in cocaine. On the latter case, appellant was sentenced to the penitentiary for one year and on the 1992 case, appellant's probation was revoked.
 {¶ 28} We concur with the trial court's analysis that this continuous drug related record is indicative of appellant's likelihood to re-offend, and he poses a threat to the community as a whole.
 {¶ 29} Appellant also argues the charges constitute a continuous, single course of conduct and therefore the sentenced should be served concurrently.
 {¶ 30} R.C. 2941.25(A) governs multiple counts and states as follows:
 {¶ 31} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."
 {¶ 32} In Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, the Supreme Court of Ohio set forth a two-tiered test to determine whether two or more crimes are allied offenses of similar import:
 {¶ 33} "Under R.C. 2941.25, a two-tiered test must be undertaken to determine whether two or more crimes are allied offenses of similar import. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (State v. Blankenship
[1988], 38 Ohio St.3d 116, 177, 526 N.E.2d 816, 817, approved and followed.)"
 {¶ 34} The elements of possession of cocaine are set forth in R.C. 2925.11 as follows in pertinent part:
 {¶ 35} "(A) No person shall knowingly obtain, possess, or use a controlled substance.
 {¶ 36} "(C) Whoever violates division (A) of this section is guilty of one of the following:
 {¶ 37} "(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:
 {¶ 38} "(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."
 {¶ 39} Having a weapon while under disability is defined in R.C. 2923.13(A) as follows in pertinent part:
 {¶ 40} "(A) Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 {¶ 41} "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse."
 {¶ 42} Although appellant was discovered committing the two offenses during the same traffic stop, this is not determinative of the issue of a single animus. Having a weapon while under disability and possession of cocaine are separate crimes; one can be committed without committing the other. We find this argument to be without merit.
 {¶ 43} The sole assignment of error is denied.
 {¶ 44} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J. and Boggins, J. concur.