JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant James Fields appeals the trial court's imposition of consecutive sentences. Fields assign the following error for our review:
 "I. The trial court erred in sentencing appellant to separate consecutive sentences where the multiple counts of aggravated arson arose out of a single act."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision. The apposite facts follow.
 {¶ 3} On June 26, 2006, the Cuyahoga County Grand Jury indicted Fields on six counts of aggravated arson and one count of aggravated menacing. Fields pleaded not guilty at his arraignment. At a change of plea hearing on July 25, 2006, Fields pleaded no contest to four counts of aggravated arson. The State dismissed the remaining two counts. On July 27, 2006, the trial court sentenced Fields to prison terms of three years on each count. The trial court ordered Fields to serve the sentences consecutively for a total period of incarceration of twelve years.
 Consecutive Sentences {¶ 4} In his sole assigned error, Fields argues the trial court erred when it sentenced him to separate consecutive sentences where the multiple counts of aggravated arson arose from a single act. We agree.
 {¶ 5} R.C. 2941.25 provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment *Page 4 
or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 6} In State v. Blankenship,[1] the Supreme Court of Ohio set forth a two-part test to determine whether two crimes with which a defendant is charged are allied offenses of similar import:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds that either the crimes were committed separately or that there was separate animus for each crime the defendant may be convicted of both offenses."[2]
 {¶ 7} Here, the record indicates that Fields, in an attempt to harm his wife, set fire to the furniture in their apartment. The apartment was one unit in a four suite apartment building. The fire in the Fields' apartment spread to the other three units. *Page 5 
Consequently, the grand jury indictment named as victims of arson, the occupants of the other three units, Niketa Thomas, Sandra Perry, and Antoinette Anderson.
 {¶ 8} We conclude, and the State concedes in its brief to this court, that the multiple counts of arson are crimes of similar import and were not committed with separate animus to Thomas, Perry, and Anderson. Consequently, the trial court erred in imposing separate consecutive sentences for conduct involving a single act. Accordingly, we sustain Fields' sole assigned error and remand to trial court for the imposition of a sentence that comports with the law as described herein.
Judgment reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., and MARY J. BOYLE, J., CONCUR
[1] (1988), 38 Ohio St.3d 116, 117.
[2] Id. *Page 1