OPINION
{¶ 1} Defendant-appellant Robert Beachy appeals his conviction and sentence from the Massillon Municipal Court on one count each of attempted gross sexual imposition, disorderly conduct and unlawful restraint. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Carrie Larke, age 18, was an employee of Mr. Jake's Fitness, a fitness and tanning establishment. On August 19, 2001, appellant, a regular customer, came into Mr. Jake's Fitness to use the tanning beds. Shortly after entering a tanning room, appellant came into the gym at Mr. Jake's and asked Ms. Larke to help him with the fan in the tanning bed, which he claimed was not working. When Ms. Larke went into the tanning room and bent down to see what was wrong with the tanning bed, she discovered that it was unplugged. At trial, appellant admitted that he had unplugged the fan to lure Ms. Larke into the tanning room. Ms. Larke testified that when she turned around to tell appellant that the bed was unplugged, "he had grabbed me by the arms and ask [sic] me for one well he asked me for one kiss first and then he grabbed me." Transcript at 87. At the time, the door to the tanning room was closed and locked.
 {¶ 3} After Ms. Larke screamed, appellant, who was holding her by the shoulders, did not let her go immediately but rather kept "saying how about one more how about one kiss." Transcript at 89. After Ms. Larke screamed a second time, appellant let her go. The whole incident left Larke feeling "scared shocked." Transcript at 90. Ms. Larke called the police and reported the incident the same day.
 {¶ 4} Appellant was subsequently charged with one count of assault in violation of R.C. 2903.13(A), a misdemeanor of the first degree, one count of attempted gross sexual imposition in violation of R.C. 2923.02
and 2907.05(A)(1), a misdemeanor of the first degree, and one count of unlawful restraint in violation of R.C. 2905.03, a misdemeanor of the third degree. At his arraignment on August 27, 2001, appellant entered a plea of not guilty to all of the charges. Following a jury trial, appellant was found guilty of attempted gross sexual imposition, unlawful restraint and the lesser included offense of disorderly conduct, a minor misdemeanor. Thereafter, as memorialized in Journal Entries filed on November 1, 2001, appellant was fined $100.00 for the charge of disorderly conduct. In addition, appellant was sentenced to 180 days in jail and fined $1,000.00 for the offense of attempted gross sexual imposition and sentenced to 60 days in jail and fined $60.00 for the offense of unlawful restraint. The trial court, however, suspended appellant's 60 day sentence for unlawful restraint and placed appellant on probation under specified terms and conditions.
 {¶ 5} Appellant now raises the following assignments of error on appeal:
 {¶ 6} "1. THE MASSILLON MUNICIPAL COURT ERRED BY INSTRUCTING THE JURY THAT DEFENDANT-APPELLANT'S ATTEMPT TO OBTAIN A KISS FROM THE VICTIM SHOULD BE CONSIDERED AN ATTEMPT TO ENGAGE IN SEXUAL CONDUCT UNDER OHIO LAW AND THIS COURT'S JURISPRUDENCE (COUNT II).
 {¶ 7} "2. THE MASSILLON MUNICIPAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING THE MAXIMUM SENTENCE OF 180 DAYS ON DEFENDANT-APPELLANT BASED ON THE COURT'S STATED BELIEF THAT HIS TESTIMONY WAS UNTRUTHFUL, AND ITS FAILURE TO FOLLOW STATUTORY GUIDELINES UNDER R.C. 2929.22 (COUNT II).
 {¶ 8} "3. THE JURY VERDICT OF GUILT ON THE CHARGE OF UNLAWFUL RESTRAINT (COUNT III) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND DUPLICATIVE OF ITS VERDICT OF GUILT FOR DISORDERLY CONDUCT, AN OFFENSE OF SIMILAR IMPORT UNDER R.C. 2941.25.
 {¶ 9} "4. THE MASSILLON MUNICIPAL COURT ERRED IN DENYING THE DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AT THE CLOSE OF ALL THE EVIDENCE UNDER OHIO CRIM. R. 29(B) (COUNTS 11-111)."
 {¶ 10} For purposes of clarity, we shall address appellant's assignments of error out of sequence.
 IV {¶ 11} Appellant, in his fourth assignment of error, argues that the trial court erred in denying appellant's Crim.R. 29(B) motion for acquittal at the close of all evidence concerning the charges of attempted gross sexual imposition and unlawful restraint.[1]
 {¶ 12} Crim.R. 29(A) states as follows: "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 13} Upon our review of the record, we agree that appellant's conviction for attempted gross sexual imposition was against the sufficiency of the evidence. Appellant was convicted of attempted gross sexual imposition in violation of R.C. 2923.02 and 2907.05(A)(1). R.C.2923.02 provides, in part, as follows: "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." In turn, R.C.2907.05 states, in relevant part, that "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 14} The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force." Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). While the mouth is not specifically among the body parts listed in the above section, it may, under the facts of a particular case, be considered an erogenous zone. See State v. Lugo (Nov. 23, 1998), Licking App. No. 98CA00023 and State v. Wise (Jan. 29, 1993), Wood App. No. 91WD113. As noted by the court in State v. Miesse (Aug. 18, 2000), Clark App. No. 99-CA-74, body parts that are not traditionally considered erogenous zones may, in some instances, be considered as such.
 {¶ 15} In order for appellant to be guilty of attempted gross sexual imposition, appellant had to engage in conduct that, if successful, would constitute or result in the offense of gross sexual imposition. As is stated above, Ms. Larke, the victim herein, testified that appellant held her by the shoulders and asked her for a kiss. After Ms. Larke refused, appellant released her. We agree with appellant that appellant's conduct in asking for a kiss does not constitute an attempt to engage in sexual contact by force or threat of force. As appellant notes in his brief, if appellant "had been successful in his actual `attempt', Miss Larke would have voluntarily offered him the kiss he asked for." (Emphasis added.) If such was the case, appellant would not be guilty of the offense of gross sexual imposition since he would have received Ms. Larke's consent. For the foregoing reasons, we find that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal as to the charge of attempted gross sexual imposition.
 {¶ 16} However, while appellant further contends that the trial court erred in denying his motion for acquittal as to the charge of unlawful restraint, we disagree. Appellant was convicted of unlawful restraint in violation of R.C. 2905.03, a misdemeanor of the third degree. Such section states as follows: "(A) No person, without privilege to do so, shall knowingly restrain another of his liberty."
 {¶ 17} At the trial in this matter, Carrie Larke testified that when she went into the tanning room, appellant grabbed her by her shoulders and asked her for a kiss. When asked during trial how tight appellant was grabbing her, Larke responded as follows: ""Tight enough to keep me there." Transcript at 89. Larke further testified that appellant did not have any right to grab her and that she wanted appellant to let her go. Appellant, during his own testimony, testified that he had ahold of Ms. Larke's shoulders "for one moment" and that he never "grabbed her and pulled her into the room and held her against her will or against her will for more than a brief moment." Transcript at 248, 258. Based on the foregoing, we find that any rational trier of fact could have found that appellant, without privilege to do so, knowingly restrained Ms. Larke's liberty. The trial court, therefore, did not err in denying appellant's motion for acquittal with respect to the charge on unlawful restraint.
 {¶ 18} Appellant's fourth assignment of error, therefore, is sustained in part and overruled in part.
 I, II {¶ 19} Appellant, in his first assignment of error, argues that, with respect to the charge of attempted gross sexual imposition, the trial court erred by instructing the jury that appellant's attempt to obtain a kiss from Carrie Larke could be considered an attempt to engage in sexual contact under Ohio law. In his second assignment of error, appellant contends that the trial court erred and abused its discretion in sentencing appellant to the maximum of 180 days in jail on the charge of attempted gross sexual imposition.
 {¶ 20} Based on this Court's holding that the trial court erred in denying appellant's Crim.R. 29 motion for acquittal of the charge of attempted gross sexual imposition, appellant's first and second assignments of error are moot.
 III {¶ 21} In his third assignment of error, appellant contends that his conviction for unlawful restraint was both against the manifest weight of the evidence and inconsistent with disorderly conduct since the two are allied offenses of similar import. We disagree.
 {¶ 22} In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E.2d 717. See alsoState v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. Martin, supra., at 175.
 {¶ 23} To find appellant guilty of unlawful restraint, the jury had to find that appellant, without privilege to do so, knowingly restrained Ms. Larke of her liberty. While appellant argues that appellee failed to prove that appellant substantially interfered with Ms. Larke's liberty, we disagree. At trial, Ms. Larke testified that appellant grabbed her by the shoulders tight enough so that she could not move. Appellant himself admitted during his testimony that he held Ms. Larke against her will for a moment. Based on the foregoing, we cannot say that the jury, in convicting appellant of unlawful restraint, lost its way so as to create a miscarriage of justice.
 {¶ 24} As is stated above, appellant further contends that the offense of unlawful restraint and disorderly conduct are allied offenses of similar import.
 {¶ 25} R.C. 2941.25 provides:
Multiple Counts
 {¶ 26} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 27} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 28} The applicable test for deciding whether crimes are allied offenses of similar import was set forth in State v. Blankenship
(1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816: "If the elements of the crimes "`correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.'" If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. Under an R.C. 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. State v. Rance
(1999), 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699.
 {¶ 29} R.C. 2905.03, the statute on unlawful restraint, states as follows: "(A) No person, without privilege to do so, shall knowingly restrain another of his liberty." In turn, R.C. 2917.11, captioned the statute on disorderly conduct, provides, in relevant part as follows:
 {¶ 30} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 31} "(4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act that serves no lawful and reasonable purpose of the offender;"
 {¶ 32} We find that the offenses of disorderly conduct and unlawful restraint are not allied offenses of similar import since the elements of the crimes do not "correspond to such a degree that the commission of one crime will result in the commission of the other. ." While the offense of unlawful restraint requires that a person knowingly restrain another of his liberty, the offense of disorderly conduct requires that a person recklessly cause inconvenience, annoyance or alarm to another by, for example, hindering or preventing the movement of persons upon private property. Since the two offenses are of dissimilar import, appellant could be convicted of both disorderly conduct and unlawful restraint.
 {¶ 33} For the foregoing reasons, appellant's third assignment of error is overruled.
 {¶ 34} Accordingly, the judgment of the Massillon Municipal Court is affirmed in part and reversed in part. This matter is remanded to the trial court with instructions to dismiss the change against appellant for attempted gross sexual imposition.
By Edwards, J., Gwin, P.J. and Farmer, J. concur.
Topic: Gross Sexual Imposition — Motion for Acquittal
[1] Appellant's motion was, in actuality, a motion for acquittal pursuant to Crim.R. 29(A).