[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Cheick O. Coulibaly,[1] was charged, along with ten other individuals, in an indictment that included twenty-seven counts pertaining to a counterfeit-check-cashing scheme. As there had been a hung jury on multiple counts at the first trial, Coulibaly was later retried on these same counts. Now appealing his multiple convictions from the second trial, five each for complicity to commit theft and forgery, and one for engaging in a pattern of corrupt activity, Coulibaly raises two assignments of error. We note that Coulibaly has previously appealed his two convictions, one each for complicity to theft and forgery, from the first trial.
{¶ 3} In the first assignment of error, Coulibaly contends that his multiple convictions for complicity to theft, complicity to forgery, and engaging in a pattern of corrupt activity were against the manifest weight of the evidence. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.[2] In determining whether a conviction is against the manifest weight of the evidence, we must review all of the evidence to see whether the trier of fact lost his way and created a manifest miscarriage of justice.[3] The discretionary power to grant a new trial should be exercised only in exceptional cases "where the evidence weighs heavily against the conviction."[4]
{¶ 4} Among the witnesses at trial, several participants in the counterfeit-check-cashing scheme testified about their recruitment and participation in the scheme. It was within the province of the jury to consider the credibility of the witnesses. The Cincinnati participants had been recruited by Coulibaly, among others, who traveled regularly between New York and Cincinnati. The participants were given counterfeit checks that they had already agreed to deposit into their local bank accounts. Once the money was transferred by the banks into the participant's accounts, the money was withdrawn. When the money was not collected personally from them, the participants were given instructions by Coulibaly, among others, for forwarding the withdrawals, often to New York. The participants were permitted to keep for themselves a portion of the withdrawn money. The counterfeit checks had legitimate account numbers of legitimate businesses, which facilitated their processing through the banking system, typically before the lack of authorization for the disbursements was discovered.
{¶ 5} Having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot conclude that, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice.[5] Thus, Coulibaly was not convicted against the manifest weight of the evidence, and his first assignment of error is overruled.
{¶ 6} In the second assignment of error, Coulibaly contends that the trial court erred when it sentenced him for multiple counts of complicity to theft and complicity to forgery, as these counts should have been merged for the purposes of sentencing. We disagree. The crimes were not allied offenses, pursuant to R.C. 2941.25(A), because when compared in the abstract, each contained at least one element that the other offense did not, so that the commission of one offense did not necessarily result in the commission of the other.[6] The convictions for complicity to theft required proof that Coulibaly knowingly aided, abetted or solicited another to obtain or exert control over property or services without the consent of the owner or person authorized to give consent, with the purpose to deprive the owner of the property or services. The complicity-to-forgery convictions required proof that Coulibaly, with the purpose to defraud, knowingly aided, abetted or solicited another to utter, or possess with purpose to utter, a writing that he knew to be forged. Forgery does not involve exerting control over property without consent of the owner, and theft does not involve a forged writing. If the
offenses are not allied and of similar import, the analysis ends there, and the defendant may be charged with, found guilty of, and sentenced for both of the offenses.[7] Since there were no allied offenses of similar import here, the trial court did not err by imposing separate sentences for complicity to theft and complicity to forgery.
{¶ 7} But, as Coulibaly did have multiple convictions for complicity to theft and multiple convictions for complicity to forgery, with each set involving allied offenses of similar import, we undertake the second step of the analysis: whether these offenses were committed separately or with a separate animus.[8] Because Coulibaly's participation in the counterfeit-check-cashing scheme involved multiple persons and occurred at different times, we hold that all of the offenses of similar import were committed separately and with a separate animus. Therefore, the trial court did not err by imposing multiple punishments on Coulibaly either for offenses of dissimilar import or for offenses of similar import committed separately.[9] Thus, Coulibaly's second assignment of error is overruled.
{¶ 8} Therefore, the judgment of the trial court is affirmed.
{¶ 9} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann and Winkler, JJ., concur
Painter, P.J., dissents.
[1] The defendant-appellant's name is spelled interchangeably throughout the record at least four different ways.
[2] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[3] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[4] See id.
[5] See State v. Thompkins, 78 Ohio St.3d at 387, 1997-Ohio-52,678 N.E.2d 541.
[6] See State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699, paragraph one of the syllabus.
[7] See State v. Blair, 1st. Dist. No. C-18958, 2002-Ohio-911.
[8] See id.; State v. Rance, 85 Ohio St.3d at 638-639, 1999-Ohio-291,710 N.E.2d 699; R.C. 2941.25(B).
[9] See R.C. 2941.25(B); State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526 N.E.2d 816.