OPINION
{¶ 1} Appellant, Joseph V. Yodice, appeals the August 7, 2001 judgment entry of the Lake County Court of Common Pleas, in which he was found guilty of attempted pandering of obscenity involving a minor, attempted pandering of sexually oriented material involving a minor, and illegal use of a minor in nudity oriented material. Appellant was also labeled a sexual predator.
 {¶ 2} On March 3, 2000, the grand jury indicted appellant with the following charges: two counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1); two counts of pandering sexually oriented matter involving a minor, in violation of R.C. 2907.322(A)(1); and two counts of illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2907.323(A)(1). All of the charges were felonies of the second degree. On March 21, 2000, appellant waived his right to be present at his arraignment and entered a plea of not guilty to the charges.
 {¶ 3} On March 1, 2001, appellant filed a motion to dismiss asserting that venue was improper because if any crimes were committed, they occurred in New Jersey. Thereafter, on March 14, 2001, he filed a supplemental motion to dismiss claiming that R.C. 2907.321, R.C.2907.322(A)(1), and R.C. 2907.323 were void for vagueness and overbreadth. On March 15, 2001, at the plea hearing, the trial court dealt with the issues raised in both motions to dismiss and overruled them. On that same date, appellant withdrew his former plea of not guilty and entered a plea of guilty to two counts of attempted pandering obscenity involving a minor, in violation of R.C. 2929.02 and2907.321(A)(1); two counts of attempted pandering sexually oriented matter involving a minor, in violation of R.C. 2929.02 and 2907.322(A)(1); and two counts of attempted illegal use of a minor in nudity-oriented material or performance, in violation of R.C. 2929.02 and 2907.323(A)(1), all of which are felonies of the third degree. Sentencing was deferred because the matter was referred to the adult probation department for a presentence investigation and psychiatric evaluation for purposes of the sexual predator classification.
 {¶ 4} A sexual predator classification hearing was held on July 30, 2001, where the court found by clear and convincing evidence that appellant was a sexual predator. On August 7, 2001, appellant was sentenced to a term of one year on counts one through six and post release control up to a maximum of five years. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 5} "[1.] Evidence is insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 6} "[2.] The provisions contained [in] R.C. 2950 are unconstitutional under Section 1, Article I of the Ohio Constitution as they are unreasonable and thereby constitute [an] invalid exercise of police power.
 {¶ 7} "[3.] O.R.C. 2950 as applied to appellant constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 8} "[4.] The court erred in not finding that the six indictments were allied offenses.
 {¶ 9} "[5.] The motion to dismiss should have been granted on the grounds that these statutes are void for vagueness and overbreadth as it relates to digital images transferred over the Internet."
 {¶ 10} Under the first assignment of error, appellant argues that the evidence was insufficient to prove by clear and convincing evidence that he was a sexual predator as the state did not prove that he was likely to engage in one or more sexually oriented offenses in the future.
 {¶ 11} We do not apply a de novo standard of review when reviewing a sexual predator determination; instead, we examine whether the trial court's determination was against the manifest weight of the evidence.State v. Davis (Apr. 19, 2002), 11th Dist. No. 2000-L-190, 2002 WL 603061, at 2.
 {¶ 12} In making a sexual predator determination, the trial court must identify the factors under R.C. 2950.09(B)(2)(a)-(j) that support its decision. State v. Strickland (Dec. 22, 2000), 11th Dist. No. 98-L-013, 2000 WL 1876587, at 2. "These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the age of the victim; (4) whether the sexually oriented offense for which sentence was imposed involved multiple victims; (5) whether the offender used drugs or alcohol to impair the victim or to prevent the victim from resisting; (6) whether the offender has participated in available programs for sexual offenders; (7) any mental illness or mental disability of the offender; (8) the nature of the offender's conduct and whether that conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the crime; and (10) any additional behavioral characteristics that contributed to the offender's conduct." State v. Swank (Dec. 21, 2001), 11th Dist. No. 98-L-049, 2001 WL 1647224, at 5.
 {¶ 13} To adjudicate a defendant as a sexual predator, the trial court need not find that a majority of these factors support such a determination; rather, the defendant may be so adjudicated even if only one or two of these factors are present, so long as the totality of the circumstances provides clear and convincing evidence that the defendant is likely to commit a sexually-oriented offense in the future. Id., citing State v. Clutter (Jan. 28, 2000), 4th Dist. No. 99CA19, 2000 WL 134730, at 3. See, also, R.C. 2950.09(B)(3). Clear and convincing evidence has been defined as "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is *** more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v.Ingram (1992), 82 Ohio App.3d 341, 346.
 {¶ 14} The Supreme Court of Ohio has held that a single sexually oriented conviction alone may support a sexual predator adjudication.State v. Eppinger (2001), 91 Ohio St.3d 158, 167. However, while it is not permissible to rely solely on the underlying conviction, a court may consider the facts of the underlying crime as a basis for a sexual predator determination. Id. The circumstances of the crime for which a defendant was convicted can, without more, support the designation of sexual predator by clear and convincing evidence. Id.; see, also, Statev. Bradley (June 19, 1998), 2d Dist. Nos. 16662 and 16664, 1998 WL 321306. The Tenth Appellate District stated that "nowhere in R.C. 2950 is there any prohibition against being adjudicated a sexual predator based solely on facts arising from the underlying offense." State v. Henson
(Mar. 14, 2000), 10th Dist. No. 99AP-553, 2000 WL 271756, at 5.
 {¶ 15} Here, appellant argues that clear and convincing evidence did not exist to support a finding that he was a sexual predator. As support for this assertion, appellant points out that he was thirty-nine years of age, had no prior criminal record, there was no victim in the case as the charge concerned digital images, there were no drugs and alcohol involved, appellant did not suffer from any mental illness or disability, and he did not intend to engage in criminal sexual conduct.
 {¶ 16} Appellant argues that the state relied heavily on the nature of the offenses previously pled to in order to justify the sexual predator classification. Appellant argues that a trial court cannot find a defendant to be a sexual predator based strictly on facts surrounding the underlying crime. This is simply incorrect because as previously stated, the underlying facts of an offense may be sufficiently egregious that an offender may be determined to be a sexual predator based only on those circumstances.
 {¶ 17} The state conceded that appellant had no prior criminal record. However, the state claims that there were minor victims in the case because the images transferred involved minors ranging from an infant to age ten or twelve. Furthermore, the psychologist for the Lake County Court of Common Pleas testified that appellant did have a mental illness or disability. The psychologist stated that appellant qualified for pedophilia, nonexclusive to children, and there was pattern of abuse because there was "a pattern of obsessionally engaging in contact with people (apparently children and adults) through e-mail and chat rooms regarding sexual issues as well as masturbating to pornography and during chats with other adults while on-line, and sending pornography to other people (children and adults)." Further, the psychologist noted that appellant took very little accountability for his offending behaviors and was in denial and rationalized his behaviors. The psychologist, therefore, recommended that appellant "clinically poses a high risk to commit a sexual offense similar to the one that he has committed here in the instant offense." He added that appellant posed a "low to moderate risk to commit a hands on sexual offense." Therefore, the psychologist concluded that appellant posed "a low to medium risk overall of sexual re-offending."
 {¶ 18} In the case at bar, appellant was communicating via the Internet over the course of several weeks with someone whom he thought was a thirteen-year-old teenage girl. During the numerous times he communicated with "this girl," who turned out to be a male detective from Lake County, he transmitted images which contained child pornography to "her." Furthermore, appellant's inability to acknowledge the extent and severity of his underlying sexual offense provides clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. After reviewing the record and weighing the evidence and all reasonable inferences, we cannot conclude that the trial court lost its way. While the psychological evaluation was of the opinion that appellant would be at low to moderate risk to commit a sexual offense in the future, the totality of the circumstances support the trial court's conclusion that appellant was a sexual predator. Therefore, the trial court's designation of appellant as a sexual predator is supported by clear and convincing evidence. Appellant's first assignment of error is meritless.
 {¶ 19} For his second assignment of error, appellant contends that the provisions contained in R.C. Chapter 2950 are unconstitutional as they are unreasonable and, thereby, constitute an invalid exercise of police power. In the third assignment of error, appellant alleges that R.C. Chapter 2950 as applied to appellant constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
 {¶ 20} With regard to appellant's constitutional arguments, each of them has been considered and rejected by the Supreme Court of Ohio. State v. Williams (2000), 88 Ohio St.3d 513; State v. Cook
(1998), 83 Ohio St.3d 404.
 {¶ 21} Appellant's arguments regarding due process and fundamental rights have been expressly rejected by the Supreme Court of Ohio inWilliams, 88 Ohio St.3d at 526-527, where the Court held that Ohio's sexual predator laws do not improperly impinge upon an offender's natural law rights of privacy, the ability to pursue an occupation, the enjoyment of a favorable reputation, or the acquisition of property. In addition, the Supreme Court of Ohio held that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution.Id. at 527. Therefore, appellant's second assignment of error lacks merit.
 {¶ 22} For his third assignment of error, appellant claims that R.C. Chapter 2950 is unconstitutional because it violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Supreme Court rejected this argument due to its conclusion that R.C. Chapter 2950 is neither "criminal," nor a statute that inflicts punishment, thus, R.C. Chapter 2950 does not violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Id.
at 528; see also, Cook, 83 Ohio St.3d 404. Hence, appellant's third assignment of error is without merit.
 {¶ 23} Under the fourth assignment of error, appellant asserts that the trial court erred in not finding that the six counts in the indictment were allied offenses.
 {¶ 24} Appellant's argument fails because the offenses were committed separately and with a separate animus. R.C. 2945.21. See also,State v. Gregory (1993), 90 Ohio App.3d 124, 128-129; see also, State v.Frambach (1992), 81 Ohio App.3d 834. The test for determining whether two crimes are allied offenses of similar import can be found in the Supreme Court of Ohio's decision in State v. Blankenship (1988), 38 Ohio St.3d 116,117. In that case, the court held that "[i]f the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import ***." Id.
 {¶ 25} In the case at bar, the indictment alleged that three of the offenses occurred on August 17, 1999, one offense was committed on August 19, 1999, one offense took place on August 24, 1999, and the final offense happened on September 30, 1999. Therefore, there were separate times involved and the images involved different children engaged in various acts. Since appellant committed the same offense against different victims, a separate animus exists for each offense for purposes of determining whether multiple convictions are permissible. Since each constitutes a separate crime with a separate animus, they do not constitute allied offenses of similar import. State v. Sanchez (Apr. 9, 1999), 11th Dist. No. 98-A-0006, 1999 WL 270055, at 6. Here, since appellant victimized different children, his crimes were separate and he could have been sentenced on each of them. Appellant's fourth assignment of error is overruled.
 {¶ 26} In his final assignment of error, appellant posits that his motion to dismiss should have been granted because the statutes under which he was charged were void for vagueness and overbreadth as they relate to digital images transferred over the Internet. Specifically, appellant is challenging the constitutionality of R.C. 2907.321, 2907.322, and 2907.323.
 {¶ 27} However, this argument must also fail because appellant entered a plea of guilty to the charges. By pleading guilty, appellant has waived his right to challenge the court's ruling on his motion to dismiss.[1] Once the trial court accepted the guilty plea, appellant waived any deprivation of his constitutional rights that occurred prior to the entry of the guilty plea. See Spates, 64 Ohio St.3d at 271-272, quoting Tollett, 411 U.S. at 267. Consequently, by pleading guilty to the offenses, appellant waived the right to challenge the constitutionality of the statutes. Appellant's fifth assignment of error is not well-founded.
 {¶ 28} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
WILLIAM M. O'NEILL, P.J., and DIANE V. GRENDELL, J., concur.
[1] In State v. Spates (1992), 64 Ohio St.3d 269, 272, the Supreme Court of Ohio stated that "`a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, *** [h]e may only attack the voluntary and intelligent character of the guilty plea ***.'" Id., quoting Tollett v. Henderson (1973), 411 U.S. 258, 267. Ohio courts have held this rule applies when the alleged trial court error involves the court's ruling on a motion to dismiss. See State v. Swift (Nov. 9, 1995), 11th Dist. No. 94-G-1838, 1995 WL 803806, at 2, quoting Spates, in which the court wrote in pertinent part as follows:
"As was noted above, after his motion to dismiss had been denied, appellant decided to enter a plea of guilty as to all pending charges. In considering the effect of pleading guilty, this court has expressly held that a criminal defendant's admission of guilt in open court constitutes a waiver of his right to challenge on appeal the merits of any action taken by the trial court previously in the case, unless that action affected the propriety of the plea itself. *** This holding is predicated upon the fact that a plea of guilty `"represents a break in the chain of events, which has preceded it in the criminal process."'
"*** Moreover, it has also been held that the rule covers any alleged error concerning the indictment in a case. ***."