OPINION
{¶ 1} Defendant-appellant appeals his sentence on three counts of Rape, two counts of Unlawful Sexual Conduct with a Minor, and one count of Gross Sexual Imposition, entered by the Tuscarawas County Court of Common Pleas, following Defendant-Appellant's pleas of guilty to said charges.
 {¶ 2} Appellee is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On August 27, 2002, Appellant was interviewed by the police regarding his involvement in the possible molestation of three children. During said interview, Appellant admitted his sexual involvement with the girls and consented to a search of his house, car and truck, which resulted in the seizure of incriminating evidence.
 {¶ 4} On August 29, 2002, Appellant was indicted by the Ashland County Grand Jury on the following: One count of Rape, in violation of R.C. § 2907.02(A)(1)(b), with a specification that he compelled the victim to submit by force or threat of force, (F1); six counts of Rape in violation of R.C. § 2907.02(A)(1)(b), (F1); two counts of Unlawful Sexual Contact with a Minor, in violation of R.C. § 2907.04(A), (F3); and, one count of Gross Sexual Imposition, in violation of R.C. § 2907.05(A)(4), (F3). Three separate victims were involved in these charges: "Jane Doe", "Mary Doe" and "Linda Doe".
 {¶ 5} On November 4, 2002, Appellant entered guilty pleas to one count of Rape as to "Jane Doe", one count of Rape and two counts of Unlawful Sexual Contact with a Minor as to "Mary Doe" and one count of Rape and one count of Gross Sexual Imposition as to "Linda Doe".
 {¶ 6} On December 9, 2002, Appellant was sentenced to ten years on each count of Rape, five years on each count of Unlawful Sexual Contact with a Minor and five years on the count of Gross Sexual Imposition. Said sentences were ordered to run consecutively, totaling a term of forty-five years. Appellant was also found to be a sexual predator following a full hearing.
 {¶ 7} It is from this sentence Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 8} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO MAXIMUM CONSECUTIVE SENTENCES."
 {¶ 9} "II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT FOR COUNTS OF THE INDICTMENT WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT."
 I. {¶ 10} In his first assignment of error Appellant argues that the trial court erred in sentencing him to maximum consecutive sentences. We disagree.
 {¶ 11} The imposition of a maximum sentence is governed by R.C. § 2929.14(C). The statute states, in relevant part
 {¶ 12} "(C) Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
 {¶ 13} The imposition of consecutive sentences is governed by R.C. § 2929.14(E).
 {¶ 14} The statute states, in relevant part:
 {¶ 15} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 16} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 17} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 18} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 {¶ 19} Revised Code § 2929.19, the statute which governs the sentencing hearing, also requires the trial court state its reasons to support the finding(s) used to justify the imposition of a maximum or consecutive sentences. These "reasons" are an additional element to the "findings" requirement of R.C. § 2929.14(C). State v. Edmonson
(1999), 86 Ohio St.3d 324, 1999-Ohio-110.
 {¶ 20} With this authority in mind, we turn our attention to the record before us.
 {¶ 21} We find, and Appellant concedes, that the trial court made the requisite findings for the imposition of greater than the minimum term pursuant to R.C. § 2929.14(B), and the court's decision to impose the maximum prison term for each count pursuant to R.C. §2929.14(C) was also supported by the appropriate findings and reasons. The trial court also made the requisite findings under R.C. §2929.14(E)(4), as well as the additional finding required in R.C. §2929.14(E)(4)(a)(b) or (c), and therefore, stated all of the required reasons for the imposition of a consecutive sentence.
 {¶ 22} Appellant argues that these findings by the trial court are without support in the record.
 {¶ 23} We find adequate support in the record for the trial court's findings. The record contains evidence that Appellant was involved in the repeated sexual abuse of three young girls, who were ages 7, 11 and 12 at the time the abuse began. The abuse continued for at least three years with the youngest of the victims.
 {¶ 24} The court had testimony before it that Appellant approached the youngest victim's parents at a party for her seventh birthday and asked them if she could take a road trip with him in his tractor-trailer. During said "road trips" Appellant penetrated the child digitally and forced her to engage in vaginal intercourse, fellatio and cunnilingus. He also forced her to masturbate him and he fondled her breasts.
 {¶ 25} The trial court also had evidence before it that Appellant forced another victim to engage in vaginal intercourse, fellatio, cunnilingus as well as fondling of the child's breasts.
 {¶ 26} With regarding the third victim the court had evidence that Appellant fondled her breasts and penetrated her digitally.
 {¶ 27} Each of the victims described being afraid of a red folding knife with which Appellant threatened to kill either himself or one of the children. Said knife was found on Appellant's person.
 {¶ 28} Furthermore, Appellant admitted to the police that he liked how it felt to abuse these children and that he could not stop himself.
 {¶ 29} Based on the foregoing, we find adequate support in the record for the trial court's imposition of maximum, consecutive sentences.
 {¶ 30} Appellant's first assignment of error is denied.
 II. {¶ 31} In his second assignment of error, Appellant argues that the trial court erred in sentencing him on counts in the indictment which he argues are allied offenses of similar import. We disagree.
 {¶ 32} Specifically, Appellant argues that Counts Seven and Eight, the two counts of Unlawful Sexual Conduct with a Minor pertain to the same victim, "Mary Doe" and that such counts are allied offenses to Count Five, the count of Rape as to "Mary Doe". Appellant makes the same argument as to Count Ten, the count of Gross Sexual Imposition, arguing that because it pertains to "Linda Doe", it is allied with the Rape charge contained in Count Nine, involving "Linda Doe".
 {¶ 33} R.C. § 2941.25 governs multiple counts and states as follows:
 {¶ 34} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 35} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 36} The applicable test for deciding whether crimes are allied offenses of similar import was set forth in State v. Blankenship (1988),38 Ohio St.3d 116, 117: "If the elements of the offenses" correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import . . ." If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted. Under an R.C. § 2941.25(A) analysis, the statutorily defined elements of offenses that are claimed to be of similar import are compared in the abstract. State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291.
 {¶ 37} "If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639, citing Statev. Jones (1997), 78 Ohio St.3d 12, 14.
 {¶ 38} Appellant was convicted of the following:
 {¶ 39} R.C. § 2907.02, Rape, which states:
 {¶ 40} "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 41} R.C. § 2907.04, Unlawful sexual conduct with a minor, which states:
 {¶ 42} "[n]o person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."
 {¶ 43} R.C. § 2907.05 Gross sexual imposition, which states:
 {¶ 44} "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 {¶ 45} "(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."
 {¶ 46} Assuming arguendo, the crimes of rape, unlawful sexual conduct with a minor and gross sexual imposition, when compared in the abstract, are allied of similar import under the test announced inRance, supra, in the matter sub judice, we find a separate animus for each crime.
 {¶ 47} With regard to the "Mary Doe" Rape charge (Count 5), such charge is based on events that occurred when said victim was less than thirteen years of age, whereas the two counts of Unlawful Sexual Conduct with a Minor are based on events that occurred after said victim turned thirteen. Furthermore, the two counts of Unlawful Sexual Conduct with a Minor (Counts 7 and 8) differ from each other in the type of conduct involved, i.e. Count Seven involved vaginal intercourse and/or digital penetration whereas Count 8 involved fellatio and/or cunnilingus.
 {¶ 48} We find the same to be true of the "Linda Doe" Rape count (Count 9) which involved "sexual conduct" of digital penetration; whereas the Gross Sexual Imposition charge (Count 10) involved "sexual contact".
 {¶ 49} "Sexual contact" is defined in R.C. § 2907.01(B) as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."
 {¶ 50} Based on the foregoing, we find that the trial court did not err in failing to merge Counts Seven, Eight and Ten as allied offenses of similar import to Counts Five and Nine.
 {¶ 51} Appellant's second assignment of error is, therefore, overruled.
 {¶ 52} Accordingly, the judgment of the Ashland County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J., and Wise, J. concur.