JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Jamel Allmond ("Allmond") appeals from his conviction received in the Cuyahoga County Court of Common Pleas. Allmond argues the State of Ohio ("State") did not support his conviction with sufficient evidence and that his conviction is against the manifest weight of the evidence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} On March 15, 2006, at approximately 1:30 a.m., Paul McPherson ("McPherson") pulled into his driveway at 1434 East 185th
Street in Cleveland, Ohio. While he was still in his car, a small purple vehicle appeared at the driveway, blocking McPherson. Allmond was driving the car and Deshon Curry ("Curry") and Larry Gilbert ("Gilbert") were passengers. McPherson looked in his rearview mirror at the purple car and saw both car doors swing open. McPherson then saw Curry and Gilbert shoot at him. McPherson bent down as the assailants shot at his car and his attached garage. McPherson estimated the men shot at him twenty times before driving away.
 {¶ 3} When Curry and Gilbert stopped shooting at him, McPherson jumped into his Chevy S-10 truck, which was also parked in his driveway, and began following the purple car. Allmond drove through the back streets of McPherson's neighborhood and ended up on St. Clair Avenue. During the chase, Curry leaned out the window and continued to shoot at McPherson. McPherson ducked down to avoid the bullets but continued chasing Allmond's vehicle. The chase ended when *Page 4 
Allmond crashed his car into the fence of a McDonald's located off of St. Clair Avenue. McPherson pulled his truck directly behind the purple car, blocking the vehicle from moving.
 {¶ 4} Allmond, Curry, and Gilbert exited the vehicle and ran into Benjamin's Bar located at East 152nd Street and St. Clair Avenue. Curry and Gilbert were holding guns when they exited the vehicle but Allmond was not. McPherson continued to chase the three males as he called the Cleveland Police Department on his cellular phone.
 {¶ 5} Cleveland police officers arrived at the location and placed McPherson in one of the zone cars. The officers entered Benjamin's Bar and began removing males one by one, to allow McPherson to identify his attackers. McPherson positively identified Allmond, Curry, and Gilbert as the three males who blocked his car in his driveway.
 {¶ 6} On June 29, 2006, a Cuyahoga County Grand Jury returned an indictment charging Allmond with felonious assault with one-, three-, and five-year firearm specifications and a repeat violent offender specification. Allmond was charged under the complicity statute with the principal offender being Deshon Curry. Allmond pleaded not guilty, waived his right to a jury on only the repeat violent offender specification and the case proceeded to trial. At the time of trial, McPherson was an inmate at the Belmont Correctional Institution. McPherson was transported to the Justice Center and testified against Allmond and Curry. *Page 5 
 {¶ 7} After the State rested, defense counsel moved for a Crim.R. 29 acquittal. The theory of the motion was that the State did not sufficiently prove the elements of complicity. The trial court denied defense counsel's motion. After deliberating, the jury found Allmond guilty of felonious assault and also found him guilty of all three firearm specifications. The parties stipulated to Allmond's former delinquency adjudication for aggravated robbery and felonious assault and the trial court found Allmond guilty of the repeat violent offender specification.
 {¶ 8} The trial court sentenced Allmond to five years on the merged firearm specifications and three years on the base charge of felonious assault. The prison sentences were ordered to be served consecutively for a total prison sentence of eight years. Allmond appeals, raising the following three assignments of error.
 "I. The trial court erred when it convicted defendant-appellant of felonious assault with firearm and repeat violent offender specifications on insufficient evidence.
 II. The trial court erred in overruling defendant-appellant's motion for acquittal pursuant to Rule 29 A of the Ohio Rules of Criminal Procedure wherein counsel for defendant-appellant argued that defendant-appellant's mere presence at the scene of the crime was insufficient to sustain a conviction.
 III. The trial court erred when it convicted defendant of felonious assault with firearm specifications and repeat violent offender specifications because the verdict was against the manifest weight of the evidence." *Page 6 
 {¶ 9} Although these arguments involve different standards of review, we will consider them together because we find the evidence in the record applies equally to both.
 {¶ 10} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, as follows:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 11} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the *Page 7 essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 12} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence *Page 8 weighs heavily against the conviction." Id. at 387. (Internal citations omitted.)
 {¶ 13} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the "exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479, 483,2000-Ohio-465. (Internal citation omitted.)
 {¶ 14} The jury convicted Allmond of felonious assault with one-, three-, and five-year firearm specifications based on the theory that Allmond aided and abetted in the commission of the crime. Felonious assault is defined in R.C. 2903.11(A)(2) as follows:
 "(A) No person shall knowingly * * *:
 "* * *
 "(2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance."
 {¶ 15} Ohio's complicity statute, R.C. 2923.03(A), provides: *Page 9 
 "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following: * * * aid or abet another in committing the offense."
 {¶ 16} In order to constitute aiding and abetting, the accused must have taken some role in causing the commission of the offense. State v.Sims (1983), 10 Ohio App.3d 56. "A person aids or abets another when he supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime and shares the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." State v. Langford, Cuyahoga App. No. 83301,2004-Ohio-3733.
 {¶ 17} Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed. State v. Cartellone (1981), 3 Ohio App. 3d 145, 150. Aiding and abetting may also be established by overt acts of assistance such as driving a getaway car or serving as a lookout. Id.; Langford, supra.
 {¶ 18} In the instant case, the evidence established that Allmond drove the "getaway" car. Allmond pulled the vehicle directly behind McPherson's car and in front of the driveway so as to block in McPherson. At this point, Curry and Gilbert opened their doors and fired approximately twenty shots at McPherson's car and attached garage. After the shooting, Allmond sped away from the victim's house. McPherson followed Allmond, who was driving evasively in an attempt to get away. *Page 10 
As Allmond drove, Curry continued to shoot at McPherson. Allmond stopped the car only after he crashed into a fence and then he, Curry, and Gilbert fled the scene.
 {¶ 19} The evidence does not suggest that Allmond was merely in the presence of Curry and Gilbert, who were the principal offenders. The evidence established that Allmond participated in the crime by driving Curry and Gilbert to the victim's house, blocking the victim's car in the driveway, waiting for Curry and Gilbert to shoot at the victim, and then driving evasively in an attempt to get away from the victim. Although Allmond did not shoot or carry a weapon during the attack, he acted in complicity with those who did. Accordingly, the State supplied sufficient evidence to support Allmond's conviction for felonious assault with firearm specifications.
 {¶ 20} Allmond also argues the evidence presented was insufficient to support the repeat violent offender specification. However, Allmond's attorney stipulated to his juvenile delinquency adjudications for aggravated robbery and felonious assault. Therefore, after viewing the evidence in the light most favorable to the prosecution, the trial court's finding of guilt on the repeat violent offender specification was supported by sufficient evidence.
 {¶ 21} We therefore overrule Allmond's first and second assignments of error.
 {¶ 22} We also overrule Allmond's argument third assignment of error in which he argues the verdicts are against the manifest weight of the evidence. We find that the jury did not lose its way in convicting Allmond of felonious assault with firearm *Page 11 
specifications. Although Allmond claims the trier of fact should have believed he was merely in the wrong place at the wrong time, the trier of fact is in the best position to weigh the evidence and the credibility of witnesses. As the reviewing court, we find that the trier of fact could reasonably conclude from the substantial evidence presented by the State, that the State has proven the offense beyond a reasonable doubt. Accordingly, we cannot state that the trier of fact lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered.
 {¶ 23} Allmond's third and final assignment of error is overruled.
 {¶ 24} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 James J. Sweeney, P.J., and Melody J. Stewart, J., concur. *Page 1