DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant, Anthony D. Johnson, appeals from the conviction and sentence of the Scioto County Court of Common Pleas. He was found guilty of complicity in: trafficking in crack cocaine; possession of crack cocaine; trafficking in cocaine; possession of cocaine, and; carrying a concealed weapon. Appellant contends the trial court erred in: 1) not treating the trafficking and possession charges as allied offenses of similar import; 2) entering judgment against him when the evidence was insufficient to sustain a conviction; 3) resentencing him without proper jurisdiction; 4) *Page 2 
resentencing him when the original sentences were lawful, and 5) sentencing him to consecutive and more than the minimum sentences.
 {¶ 2} In light of the recent decision of the Supreme Court of Ohio inState v. Cabrales, ___ Ohio St.3d ___, 2008-Ohio-1625, ___ N.E.2d ___, we sustain Appellant's first assignment of error. Because his convictions for trafficking were allied offenses of similar import of his convictions for possession, the trial court erred in convicting him on all four counts.[1] As to his second assignment of error, after viewing the evidence in a light most favorable to the prosecution, the jury could have reasonably found the essential elements of Appellant's offenses proven beyond a reasonable doubt. Accordingly, his second assignment of error is without merit. Because his third fourth and fifth assignments of error relate to his sentencing, they are rendered moot by our sustaining his first assignment of error. Accordingly, we sustain Appellant's first assignment of error, overrule his second, find his third, fourth and fifth assignments of error to be moot and remand this case for proceedings consistent with this opinion.
 I. FACTS {¶ 3} Appellant was pulled over by the Ohio State Highway Patrol while driving a van northbound on US Route 23 in Scioto County. There *Page 3 
was one passenger in the vehicle, Andrew Thomas. While speaking with Appellant, one of the patrol officers conducting the traffic stop noted that he was nervous and agitated. Appellant was unable to produce a valid driver's license and the officer, believing from his behavior that Appellant was contemplating driving away, ordered him to exit the vehicle. The officer, from outside the vehicle, then noticed that the passenger, Thomas, still sitting in the vehicle, had digital scales covered with white powder in his jacket pocket. When questioned as to whether he had any weapons, Thomas replied that he did. At that point, Thomas was also removed from the vehicle and searched.
 {¶ 4} The officers found a handgun and baggies of crack cocaine on Thomas' person. During a search of the vehicle, the officers discovered a bag in the rear of the van which contained more crack cocaine, powder cocaine and another handgun. A total of over 25 grams of crack cocaine, packaged into individual baggies, and between 14 and 15 grams of powder cocaine was found during the search. A total of approximately $1360 was found, $510 of which, including twenty-two twenty dollar bills, were found on Appellant. No drugs or weapons were found on Appellant's person.
 {¶ 5} Appellant and Thomas were arrested and taken into custody. An officer testified that, during questioning, Appellant stated that the drugs *Page 4 
found in the rear of the van belonged to "Mike." Also during questioning, Appellant stated he would cooperate with law enforcement and arrange a delivery of crack cocaine. However, when given a phone in order to set up the deal, he failed to do so. According to an officer, "* * * it seemed like he was more interested in telling the people that he was talking to that he had been arrested with a load of crack cocaine."
 {¶ 6} The Scioto County Grand Jury returned a six count indictment charging Appellant with: 1) trafficking in crack cocaine; 2) possession of crack cocaine; 3) trafficking in cocaine; 4) possession of cocaine; 5) carrying a concealed weapon and; 6) having a weapon under disability. The matter proceeded to trail and the jury returned a verdict of guilty to complicity on each count, one through five. On February 2, 2006, the trail court sentenced Appellant to five years on each of the first four counts and one year on the fifth count, counts one through four to be served consecutively and count five to be served concurrently, for a total of twenty years imprisonment.
 {¶ 7} On February 10, 2006, before Appellant's sentence had been journalized, the trial court, sua sponte, held a resentencing hearing to correct its original sentence. Resentencing was necessary because the trial court had sentenced Appellant as if counts three and four were first degree felonies. In fact, count three was a third degree felony and count four was a fourth *Page 5 
degree felony. The trial court modified Appellant's sentence to eight years on count one, eight years on count two, four years on count three, one year on count four and one year on count five. The court ordered counts one, two and three to be served consecutively, and counts four and five to be served concurrently with the first count, for a total of twenty years imprisonment.
 {¶ 8} Thereafter, we granted Appellant's delayed notice of appeal. However, due to the still pending sixth count, weapons under disability, we dismissed the appeal for lack of a final appealable order. In March of 2007, the State of Ohio dismissed this remaining count. Subsequently, Appellant filed the current appeal.
 II. ASSIGNMENTS OF ERROR {¶ 9} 1. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO TRAFFICKING IN DRUGS AND POSSESSION OF DRUGS WHEN THE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT.
 {¶ 10} 2. THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION.
 {¶ 11} 3. THE TRIAL COURT DID NOT HAVE JURISDICTION TO SUA SPONTE RESENTENCE APPELLANT.
 {¶ 12} 4. THE TRIAL COURT ERRED WHEN IT RESENTECED APPELLANT TO ADDITIONAL PRISON TIME WHEN THE ORIGINAL SENTENCE WAS LAWFUL.
 {¶ 13} 5. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO MORE THAN THE MINIMUM SENTENCE AND CONSECUTIVE SENTENCES. *Page 6 
 III. FIRST ASSIGNMENT OF ERROR {¶ 14} In his first assignment of error, Appellant argues that he can not be convicted for both trafficking in crack cocaine and possession of crack cocaine because they are allied offenses of similar import. He makes the same argument regarding his convictions for trafficking in cocaine and possession of cocaine. Since Appellant was convicted on all four of these counts, he contends that two of the convictions must be vacated. Appellee, in its brief on appeal, does not address Appellant's first assignment of error. Pursuant to the decision of the Supreme Court of Ohio in State v. Cabrales, ___ Ohio St.3d ___, 2008-Ohio-1625, ___ N.E.2d ___, we agree with Appellant and sustain his first assignment of error.
 {¶ 15} RC. 2941.25, Ohio's multiple-count statute, states as follows:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as *Page 7 
to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 16} The Court in Cabrales addressed whether possession and trafficking of a controlled substance could ever be construed as allied offenses of similar import. The Cabrales Court recognized that R.C.2941.25 requires a two-step analysis. "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." Cabrales at ¶ 14, quoting State v. Blankenship,38 Ohio St.3d 116, 117, 526 N.E.2d 816. Further, pursuant to the holding in State v.Ranee, the elements of the offenses must be compared in the abstract, without consideration of the particular facts of the case. State v.Ranee (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699.
 {¶ 17} Though, for purposes of R.C. 2941.25(A), Ranee requires the elements of the offenses to be compared in the abstract, theCabrales Court *Page 8 
clarified that Ranee does not require a strict textual comparison of those elements. Cabrales at ¶ 22. Instead of a strict textual comparison, the test is whether the elements of the offense, considered in the abstract, "are so similar that the commission of one will necessarily result in commission of the other * * *. Id at ¶ 26. The Court further stated: "Were we to apply Ranee as requiring a strict textual comparison as urged by the state, we would be compelled to reverse the appellate court's holding that possession and trafficking under R.C. 2925.03(A)(2) of the same controlled substance are allied offenses of similar import because the elements of these offenses do not coincide exactly, even though common sense and logic tell us that in order to prepare a controlled substance for shipping, ship it, transport it, deliver it, prepare it for distribution, or distribute it, one must necessarily also possess it." Id. at ¶ 24.
 {¶ 18} The immediately preceding quote from Cabrales corresponds with the circumstances of the case sub judice. Here, Appellant has been convicted of possession of cocaine and possession of crack cocaine under R.C. 2925.11(A) and, for the same controlled substances, convicted of trafficking in cocaine and trafficking in crack cocaine under R.C.2925.03(A)(2). Appellant's trafficking convictions were for physically transporting cocaine from one location to another. As specifically stated in *Page 9 Cabrales, common sense and logic tell us that he necessarily had to posses the cocaine in order to do so. Appellant committed his trafficking offense in transporting the cocaine by vehicle. This trafficking offense necessarily resulted in the offense of possession. As such, Appellant's offenses of possession of cocaine and trafficking in cocaine are allied offenses of similar import as are his offenses of possession of crack cocaine and trafficking in crack cocaine. Accordingly, pursuant to R.C. 2941.25(A), it was error for the trial court to convict him on all four counts and two of the convictions must be vacated. Appellant's first assignment of error is sustained.
 IV. SECOND ASSIGNMENT OF ERROR {¶ 19} In his second assignment of error, Appellant contends there was insufficient evidence to support the jury's verdicts.
 {¶ 20} When determining whether the record contains sufficient evidence to support a criminal conviction, our function "is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, *Page 10 574 N.E.2d 492, paragraph two of the syllabus. This test raises a question of law and does not allow us to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 O.B.R. 215, 485 N.E.2d 717.
 {¶ 21} Appellant was found guilty of complicity to each of the following: trafficking in crack cocaine; possession of crack cocaine; trafficking in cocaine; possession of cocaine, and; carrying a concealed weapon. In order to find Appellant complicit in these offenses, there must be sufficient evidence that he aided and abetted another in committing the offenses. R.C. 2923.03(A)(2).
 {¶ 22} "To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal. Such intent may be inferred from the circumstances surrounding the crime." State v.Johnson, 93 Ohio St.3d 240, 2001-Ohio-1336, 754 N.E.2d 796, at the syllabus. "Aiding and abetting may be shown by both direct and circumstantial evidence, and participation may be inferred from presence, companionship, and conduct before and after the offense is committed." State v. Allmond, 8th Dist. No. 89020, 2007-Ohio-6191, at ¶ 17. Thus, in order to convict Appellant for complicity, there must *Page 11 
be sufficient evidence to show he aided and abetted his passenger, Andrew Thomas, in the commission of the offenses.
 {¶ 23} Though crack cocaine, a digital scale with cocaine residue and a handgun were taken from Thomas' person, and additional cocaine and another handgun were found in the rear of the vehicle, no drugs, drug paraphernalia or weapons were found on Appellant's person. Appellant contends that even if he had knowledge of Thomas' offenses, there was no evidence he was complicit. He argues that, though he was within close proximity of Thomas, mere presence at the scene is not enough to convict him for aiding and abetting. However, we find there was sufficient evidence that Appellant's involvement went far beyond his mere presence and that he aided and abetted Thomas.
 {¶ 24} From law enforcement's first contact with Appellant, there was circumstantial evidence of awareness that he was aiding Thomas in his criminal offenses. Appellant's suspicious behavior was part of the reason officers pulled him over in the first place. One of the arresting officers testified that when Appellant and Thomas first noticed him, they showed "nervous tendencies." He testified that their change in behavior was not the normal response of people observing the highway patrol. When trailing the vehicle, the officer also noted furtive movement in the vehicle while both *Page 12 
occupants kept track of him. One of the officers did not initially think Appellant was even going to stop. Once Appellant finally pulled over, his suspicious behavior continued. The arresting officers testified that Appellant avoided questions and acted nervous. The officers even removed Appellant from the vehicle because his behavior indicated he might be preparing to flee. "I could see his mind working, he was getting ready to make a decision * * *.
 {¶ 25} The officers provided further evidence that Appellant was well aware he was aiding Thomas in his crimes. The digital scales in Thomas' jacket, coated in cocaine residue, were visible even to the patrol officer standing outside the vehicle. During questioning, when shown the drugs found in the back of the vehicle, Appellant evidenced no surprise and did not ask where they came from. In fact, he claimed the drugs belonged to "Mike." He further agreed to help officers set up a drug deal involving an individual he said had four ounces of cocaine. Additionally, Appellant was carrying over $500 in cash, including twenty-two twenty dollar bills, at the time of arrest. An officer testified that, when individuals in such circumstances are carrying a large number of twenty dollar bills, it may be an indication of narcotics trafficking. *Page 13 
 {¶ 26} The jury was provided evidence that Appellant was driving a vehicle which held a bag containing a handgun, a large amount of powder cocaine and large amount of packaged crack cocaine. Additionally, Appellant was transporting Andrew Thomas, who himself carried another hand gun, packaged crack cocaine and easily visible digital scales coated with cocaine residue. Along with the circumstantial evidence already mentioned, after viewing all the evidence in a light most favorable to the prosecution, the jury could have found beyond a reasonable doubt that Appellant aided and abetted Thomas in the offenses of possession, trafficking and carrying a concealed weapon. As such, there was sufficient evidence to convict Appellant for complicity on each count. Appellant's second assignment of error is overruled.
 V. THIRD, FOURTH AND FIFTH ASSIGNMENTS OF ERROR {¶ 27} Appellant's third, fourth and fifth assignments of error all pertain to the validity of the trial court's sentencing. Because we sustain his first assignment of error and remand this matter for resentencing, his third, fourth and fifth assignments of error are moot and we decline to address them. *Page 14 
 VI. CONCLUSION {¶ 28} In light of the Supreme Court of Ohio's recent decision inState v. Cabrales, we sustain Appellant's first assignment of error. Because his offenses of possession of cocaine and trafficking in cocaine are allied offenses of similar import under R.C. 2941.25(A), he can not be convicted and sentenced for both. The same rationale applies to his offenses of possession of crack cocaine and trafficking in crack cocaine. Accordingly, the trial court must vacate two of Appellant's convictions and conduct resentencing. As to Appellant's second assignment of error, we find there was sufficient evidence for the jury to find, beyond a reasonable doubt, that Appellant was guilty of complicity to each count. We further find that his third, fourth and fifth assignments of error have been rendered moot. Accordingly, we reverse in part, affirm in part and remand the matter for resentencing.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED FORFURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. *Page 15 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART, REVERSED IN PART AND CASE REMANDED for further proceedings consistent with this opinion and that the Appellee and Appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
[1] We acknowledge that the trial court did not have the benefit of this recent decision when it heard this case. *Page 1